Randy Fortunato
2166 Sunset Vista Avenue
Henderson, Nevada 89052
Phone 702-492-6699

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| **Randy Fortunato,** ) | **2:11-cv-01798-KJD -PAL** |
| Plaintiff, ) | |
| vs. ) | |
| **SUNRISE CREDIT SERVICES, INC.,** ) | |
| **BRACHFELD LAW GROUP, P.C. AND** ) | **COMPLAINT** |
| **DECA FINANCIAL SERVICES, LLC, and** ) | |
| **DOES 1-100** ) | |
| Defendant ) | |

## COMPLAINT

Plaintiff, **Randy Fortunato**, hereby sues Defendant(s), **SUNRISE CREDIT SERVICES, INC., BRACHFELD LAW GROUP, P.C.** and **DECA FINANCIAL SERVICES, LLC**:  and claims:

## PRELIMINARY STATEMENT

This is an action for actual damages brought for damages for violations of the **FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) 15 U.S.C. §1692** *et seq.* **and  the FAIR CREDIT REPORTING ACT ( FCRA ) 15 U.S.C. § 1681 et seq.**

## JURISDICTION AND VENUE

**1)** The jurisdiction of this Court is found in 15 U.S.C. 1692 G § 809 (B) and pursuant to:

2) The jurisdiction of this Court is conferred by 15 U.S.C. §1331 and Pursuant to U.S.C. §1692k (d), and 28 U.S.C. §1367 for pendent state law claims.

3) Venue is proper in this Circuit pursuant to 28 U.S.C. §1391(b).

4) This is an action for damages which may exceed $15,000.00.

5) Plaintiff, **Randy Fortunato**, is a natural person and a resident of the State of Nevada.

6) Defendant, **SUNRISE CREDIT SERVICES, INC.** is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

7) Defendant, **SUNRISE CREDIT SERVICES, INC.** is  licensed with the Nevada Secretary of State to do business in the State of Nevada.

8) Defendant, **SUNRISE CREDIT SERVICES, INC.** is a New York Corporation, is registered and authorized to do business in Nevada.

9) Defendant, **BRACHFELD LAW GROUP, P.C.** is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

10) Defendant, **BRACHFELD LAW GROUP, P.C. is not** licensed with the Nevada Secretary of State to do business in the State of Nevada.

11) Defendant, **BRACHFELD LAW GROUP, P.C.** is not registered with the Nevada Business and Industry, and not authorized to do business in the State of Nevada.

12) Defendant **DECA FINANCIAL SWRVICES, LLC** is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

13) Defendant, **DECA FINANCIAL SERVICES, LLC** is a California Corporation licensed with the Nevada Secretary of State.

14) Defendant, **DECA FINANCIAL SERVICES, LLC** is **not** registered with the Nevada Business and Industry, and not authorized to do business in the State of Nevada.

**15)** All conditions precedent to the bringing of this action have been performed, waived or excused.

## PARTIES

**1)** Plaintiff, Randy Fortunato, is a resident of the State of Nevada.

**2)** Defendant, SUNRISE CREDIT SERVICES, INC., was attempting to collect an un-validated/un-verified debt for Marshall & Ilsley Corporation..

**3)** Defendant, SUNRISE CREDIT SERVICES, INC is a Debt Collector located in the state of New York.

**4)** Defendant, BRACHFELD LAW GROUP, P.C. is a Debt Collector located in the state of Pennsylvania.

**5)** Defendant, BRACHFELD LAW GROUP, P.C. was attempting to collect an un-validated/un-verified debt for Marshall & Ilsley Corporation.

**6)** Defendant, DECA FINANCIAL SERVICES, LLC was attempting to collect an un-validated/un-verified debt for M&I, Branch of BMO Harris Bank, N.A.

**7)** Defendant, DECA FINANCIAL SERVICES, LLC is a debt collector located in the State of California.

## DOE DEFENDANTS

**1)** Plaintiff, Randy Fortunato , is ignorant of the true names and capacities of all potential Defendants and therefore sues these Defendants as Doe. Plaintiff will amend this complaint to allege the true names and capacities of said Doe's, when such information is ascertained.

**2)** Certain of the Doe Defendants, whose identities are currently unknown to Plaintiff, acted as the joint venturers, general partners, co-conspirators, principals, agents, employees, officers,

attorneys, accountants, or advisors to the named Defendants herein, and at such time were on notice of facts sufficient to suggest the existence of the improprieties alleged herein to a reasonable and prudent person of the same profession, yet said Defendants assisted the named Defendants either intentionally or negligently, or acted in a legally culpable manner or capacity so as to be jointly and severally liable herein, all as will be alleged with more specificity after discovery in this case.

3) Unknown Doe Defendant, SUNRISE CREDIT SERVICES, INC., is an entity foreign to the State of Nevada.

4) Unknown Doe Defendant, BRACHFELD LAW GROUP, P.C., is not registered as a debt collector on the records of the Nevada Business and Industry.

5) Unknown Doe Defendant, BRACHFELD LAW GROUP, P.C., is not licensed or on the records of the Nevada Secretary of State.

6) Unknown Doe Defendant, BRACHFELD LAW GROUP, P.C., is an unknown entity foreign to the State of Nevada.

7) Unknown Doe Defendant, DECA FINANCIAL SERVICES, INC., is not registered as a debt collector on the records of the Nevada Business and Industry.

8) Unknown Doe Defendant, DECA FINANCIAL SERVICES, INC., is an unknown entity foreign to the State of Nevada.

## DEFENDANT'S INDIVISIBLE LIABILITY FOR INDIVISIBLE HARM

1. Plaintiff, in the instant cause, has suffered harm as the result of the actions of unknown Does.

2. The Defendants and Does have acted in concert and collusion, one with the other, toward a harmful outcome to Plaintiff as alleged *infra*.

3. The alleged harm to Plaintiff is indivisible in its nature and cannot reasonably be apportioned to multiple actors.

4. In the interest of judicial economy, Plaintiff only included the Defendants who are currently violating the FDCPA toward the furtherance of the ultimate harm intended by the acts *infra*.

## FACTUAL ALLEGATIONS

1) On April 23, 2011Plaintiff pulled a copy of Transunion, Equifax and Experian credit reports.

2) On or about January 18, 2011 Defendant, SUNRISE CREDIT SERVICES, INC. initiated a hard pull of Plaintiffs Experian credit report without permissible purpose to do so. Causing a decline of Plaintiff's credit score.

   **EXHIBIT "A"**

3) On or about January 24, 2011 Plaintiff received a dun letter from Defendant, **Sunrise Credit Services, Inc.** seeking payment of an alleged debt in the amount of$231,002.09.

   **EXHIBIT "B"**

4) On or about February 14, 2011, Plaintiff mailed and Defendant received a certified letter seeking proper validation of Defendants claim,

5) making Plaintiff aware of its obligations under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (FDCPA), and instructing it to immediately remove their information from Defendant's credit report.

   **EXHIBIT "C"**

6) On or about February 23, 2011 Plaintiff received from Defendant, **Sunrise Credit Services, Inc.** a letter reflecting a Balance Due: $231, 002.09, stating;

7) WE would appreciate your check or money order for the above amount due by return mail.

8) Enclosed was a copy of a mortgage note.

9) This is an attempt to collect a debt and any information obtained will be used for that purpose. " This communication is from a debt collector.

   **EXHIBIT "D"**

10) On March 11, 2011 Plaintiff returned the envelope and contents of Defendants letter dated February 23, 2011, via certified mail.

11) Warning Defendant that they are governed under the laws of the FDCPA

12) Defendant received Plaintiff's notice March 14, 2011.
   **EXHIBIT "E"**

13) On October 25, 2011 Plaintiff mailed and Defendant received a notice of Plaintiff's intent to sue.

14) Making Defendant aware of their violations of the FDCPA the FCRA and The NV UDTPA.

**15)** The Plaintiff denies ever having any contractual agreement for credit, loans or services relationship with the Defendant. Even if the Plaintiff did have such an agreement, which the Plaintiff denies, the alleged debt is not in question here. But the fact as to how it was or was not validated and wrongful actions of the Defendants in an attempt to collect the alleged debt, violated the civil rights of the Plaintiff and the law as outlined in the Fair Debt Collection Practices Act, 15 USC §1601,et seq.
   **EXHIBIT "F"**

16) In March of 2011, Defendant, **BRACHFELD LAW GROUP, P.C.**  mailed Plaintiff a dun letter dated March 11, 2011. Seeking payment in the amount of $82,324.39.

17) Stating, Current Creditor: M&I BANK.

18) Further stating; **THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**
   On March 21, 2011 Plaintiff mailed Defendant a notice of dispute

19) On March, 2011, Plaintiff mailed and Defendant received a certified letter seeking proper validation of Defendants claim,
   making Defendant aware of its obligations under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.

   **EXHIBIT "H"**

20) On October 25, 2011 Plaintiff mailed and Defendant received a notice of Plaintiff's intent to sue.

21)  Making Defendant aware of their violations of the FDCPA , FCRA and The NV UDTPA.
   **EXHIBIT "I"**

**22)** The Plaintiff denies ever having any contractual agreement for credit, loans or services relationship with the Defendant. Even if the Plaintiff did have such an agreement, which

the Plaintiff denies, the alleged debt is not in question here. But the fact as to how it was or was not validated and wrongful actions of the Defendants in an attempt to collect the alleged debt, violated the civil rights of the Plaintiff and the law as outlined in the Fair Debt Collection Practices Act, 15 USC §1601,et seq.

23) In August of 2011, Defendant, **DECA FINANCIAL SERVICES, LLC**.  mailed Plaintiff a dun letter dated August 1, 2011. Seeking payment in the amount of $73,137.38.

24) Stating; **THIS NOTICE IS FROM A DEBT COLLECTOR**

25) Creditor: M&I a Branch of BMO Harris Bank N.A., Principal on Account: $58500.00, Interest on Principal: $14337.38, Fees: $300, ACCOUNT BALANCE DUE: $73137.38

   **EXHIBIT "J"**

**26)** On August 15, 2011 Plaintiff mailed and defendant received a Notice of dispute , seeking verification and validation of the alleged debt.

**27)** To date, Defendant has failed to answer Plaintiff's request.

   **EXHIBIT "K"**

**28)** On October 25, 2011 Plaintiff mailed Defendant a notice ; You Are Going To Be Sued

**29)** Stating that Plaintiff is willing to settle this matter in private, rather than waste judicial resources.

**30)** To date, Defendants  have failed to respond.

   **EXHIBIT "L"**

31) The Plaintiff does not now or ever has had any business or contractual agreement for credit, loans or services relationship with the Defendant. Even if the Plaintiff did have such an agreement, which the Plaintiff denies, the alleged debt is not in question here. But the fact as to how it was or was not validated and wrongful actions of the Defendants in an attempt to collect the alleged debt, violated the civil rights of the Plaintiff and the law as outlined in the Fair Debt Collection Practices Act, 15 USC §1692,et seq.

**Wherefore,** Plaintiff demands judgment in the amount of $1000 against Defendants, **SUNRISE CREDIT SERVICES, INC., BRACHFELD LAW GROUP, P.C. AND DECA FINANCIAL SERVICES, LLC** for actual damages for each of their violations of the FDCPA and FCRA plus all costs of this action along with punitive damages in an amount the court may allow or deems just and fit, as prescribed by law *Graziano v. Harrison, 950 F.2d 107, 113 (3d Cir. 1991), 15*

*U.S.C. sec. 1692k(a)(3),(see Zagorski v. Midwest Billing Services, Inc., F.3d--- (1997 WL 695401, 7th Cir.) or 128 F. 3d 1164 (7th Cir., 1997) .*

32) Defendants, SUNRISE CREDIT SERVICES, INC violated the **Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692** and **The Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681** *et seq.*

33) by willful non-compliance with actions and activities including, but not limited to, the following: **Preceding counts are fully re-alleged as incorporated herein.**

### COUNT ONE

**Defendants violated 15 U.S.C. §1692e, by false, deceptive and misleading representation or means in connection with the debt collection.**

1. **Preceding counts are fully re-alleged as incorporated herein.**

2. Defendant, SUNRISE CREDIT SERVICES, INC. while attempting to collect an alleged and unverified debt made false and misleading representations in communications when it misrepresented the party it was collecting for.

3. Defendant failed to validate the debt or demonstrate they were not making false and misleading representations in communications when misrepresenting the alleged creditor.

4. Plaintiff received a dun notice from Defendant(s), dated January 19, 2011 balance due $231002.09. Stating the following: **Don't get angry**....Your account came to us from someone who values your business.

5. The Plaintiff has not now or ever had any business affiliation or relationship with Defendant. The Plaintiff contacted the Defendant by U.S. Postal Service Certified Mail Return Receipt on February 14, 2011,

6. Disputing the alleged debt, asking specifically for; A copy of the Original signed contract original application including the CUSIP number and other supporting documentation that gave rise to the alleged obligation Sunrise Credit Services, Inc. is claiming owed.

7. I requested Defendant provide the following; 1. The loan sale document, 2. The transmittal documents, 3. The bill of sale, 4. The guarantee, and proof of delivery, 5. All assignments.

8. To date Defendant has failed to respond to Plaintiff's requests.

**9.** The Plaintiff does not now or ever has had any business or contractual agreement for credit, loans or services relationship with the Defendant. Even if the Plaintiff did have such an agreement, which the Plaintiff denies, the alleged debt is not in question here. But the fact as to how it was or was not validated and wrongful actions of the Defendants in an attempt to collect the alleged debt, violated the civil rights of the Plaintiff and the law as outlined in the Fair Debt Collection Practices Act, 15 USC §1692,et seq.

**Wherefore,** Plaintiff demands judgment in the amount of $1000 against Defendan, SUNRISE CREDIT SERVICES, INC for actual damages for each of their violations of the FDCPA plus all costs of this action along with punitive damages in an amount the court may allow or deems just and fit, as prescribed by law *Graziano v. Harrison, 950 F.2d 107, 113 (3d Cir. 1991), 15 U.S.C. sec. 1692k(a)(3),(see Zagorski v. Midwest Billing Services, Inc., F.3d--- (1997 WL 695401, 7th Cir.) or 128 F. 3d 1164 (7th Cir., 1997) .*

## COUNT TWO

**Defendants, BRACHFELD LAW GROUP, P.C. violated 15 U.S.C. §1692e, by false, deceptive and misleading representation or means in connection with the debt collection.**

1. **Preceding counts are fully re-alleged as incorporated herein.**

2. Defendant, **BRACHFELD LAW GROUP, P.C.** while attempting to collect an alleged and unverified debt made false and misleading representations in communications when it misrepresented the party it was collecting for.

3. Defendant failed to validate the debt or demonstrate they were not making false and misleading representations in communications when misrepresenting the alleged creditor.

4. Plaintiff received a dun notice from Defendant(s), dated March 11, 2011 Total Amount Due **$82,324.39**. Stating the following:

5. With tax season here what better time to contact us regarding fantastic settlement opportunities. Our client has authorized us to extend to you great settlement offers on the above account.

6. The Plaintiff has not now or ever had any business affiliation or relationship with Defendant. The Plaintiff contacted the Defendant by U.S. Postal Service Certified Mail Return Receipt on March 21, 2011,

7. Disputing the alleged debt, asking specifically for; A copy of the Original signed contract original application including the CUSIP number and other supporting documentation that gave rise to the alleged obligation Sunrise Credit Services, Inc. is claiming owed.

8. I requested Defendant provide the following; 1. The loan sale document, 2. The transmittal documents, 3. The bill of sale, 4. The Guarantee, and proof of delivery, 5. All assignments.

9. To date, Defendant has failed to respond to Plaintiff' request for validation.

10. Whereby avoiding culpability and responsibility for their unlawful actions in their  attempt to collect an alleged debt.

11. The Plaintiff does not now or ever has had any business or contractual agreement for credit, loans or services relationship with the Defendant. Even if the Plaintiff did have such an agreement, which the Plaintiff denies, the alleged debt is not in question here. But the fact as to how it was or was not validated and wrongful actions of the Defendants in an attempt to collect the alleged debt, violated the civil rights of the Plaintiff and the law as outlined in the Fair Debt Collection Practices Act, 15 USC §1692,et seq.

**Wherefore**, Plaintiff demands judgment in the amount of $1000 against Defendants, NORTHLAND GROUP, INC. for actual damages for each of their violations of the FDCPA and FCRA plus all costs of this action along with punitive damages in an amount the court may allow or deems just and fit, as prescribed by law *Graziano v. Harrison, 950 F.2d 107, 113 (3d Cir. 1991), 15 U.S.C. sec. 1692k(a)(3),(see Zagorski v. Midwest Billing Services, Inc., F.3d--- (1997 WL 695401, 7th Cir.) or 128 F. 3d 1164 (7th Cir., 1997)* .

## COUNT THREE

**Defendants, DECA FINANCIAL SERVICES, LLC violated 15 U.S.C. §1692e, by false, deceptive and misleading representation or means in connection with the debt collection.**

1. **Preceding counts are fully re-alleged as incorporated herein.**

2. Defendant, **DECA FINANCIAL SERVICES, LLC.,**while attempting to collect an alleged and unverified debt, made false and misleading representations in communications when it misrepresented the party it was collecting for.

3. Defendant failed to validate the debt or demonstrate they were not making false and misleading representations in communications when misrepresenting the alleged creditor.

4. Plaintiff received a dun notice from Defendant(s), dated August 1, 2011 balance due $73,137.38. Stating the following: You have defaulted on your debt to the above creditor. We are attempting to collect the debt on behalf of the creditor.

5. The Plaintiff has not now or ever had any business affiliation or relationship with Defendant. The Plaintiff contacted the Defendant by U.S. Postal Service Certified Mail Return Receipt on August 15, 2011,

6. Disputing the alleged debt, specifically stating; I dispute the debt. You must therefore obtain verification of the debt and furnish a copy of the same. I require validation of the debt, showing all charges, payments, and credits on the account.

7. To date, Defendant has failed to respond to Plaintiff's request for validation.

8. The Plaintiff does not now or ever has had any business or contractual agreement for credit, loans or services relationship with the Defendant. Even if the Plaintiff did have such an agreement, which the Plaintiff denies, the alleged debt is not in question here. But the fact as

to how it was or was not validated and wrongful actions of the Defendants in an attempt to collect the alleged debt, violated the civil rights of the Plaintiff and the law as outlined in the Fair Debt Collection Practices Act, 15 USC §1692,et seq.

**Wherefore,** Plaintiff demands judgment in the amount of $1000 against Defendants, DECA FINANCIAL SERVICES, LLC for actual damages for each of their violations of the FDCPA plus all costs of this action along with punitive damages in an amount the court may allow or deems just and fit, as prescribed by law *Graziano v. Harrison, 950 F.2d 107, 113 (3d Cir. 1991), 15 U.S.C. sec. 1692k(a)(3),(see Zagorski v. Midwest Billing Services, Inc., F.3d--- (1997 WL 695401, 7th Cir.) or 128 F. 3d 1164 (7th Cir., 1997)* .

## COUNT FOUR

**Defendants violated, 15 U.S.C. §1692e (2) by falsely representing the character, amount, or legal status of any debt.**

1. **Preceding counts are fully re-alleged as incorporated herein.**

2. Defendants, **SUNRISE CREDIT SERVICES, INC., BRACHFELD LAW GROUP, P.C.** and **DECA FINANCIAL SERVICES, LLC** misrepresented the character amount of an alleged debt when they represented the debt as an obligation to Defendant's on behalf of M&I Corporation.

3. Plaintiff learned and can prove at trial such consumer accounts are sold and securitized.

4. M&I CORPORATION, the alleged creditor/ Original Institution has no standing or interest.

5. Defendants failed to validate their claim.

6. Defendant's knew or should have known that the alleged debt was not legitimate.

7. Defendant failed to validate the debt or demonstrate the debt was not misrepresented in nature.

8. The Plaintiff does not now or ever has had any business or contractual agreement for credit, loans or services relationship with the Defendant. Even if the Plaintiff did have such an agreement, which the Plaintiff denies, the alleged debt is not in question here. But the fact as to how it was or was not validated and wrongful actions of the Defendants in an attempt to collect the alleged debt, violated the civil rights of the Plaintiff and the law as outlined in the Fair Debt Collection Practices Act, 15 USC §1692,et seq.

**Wherefore,** Plaintiff demands judgment in the amount of $1000 against Defendants, SUNRISE CREDIT SERVICES, INC for actual damages for each of their violations of the FDCPA and FCRA plus all costs of this action along with punitive damages in an amount the court may allow or deems just and fit, as prescribed by law *Graziano v. Harrison, 950 F.2d 107, 113 (3d Cir. 1991), 15 U.S.C. sec. 1692k(a)(3),(see Zagorski v. Midwest Billing Services, Inc., F.3d--- (1997 WL 695401, 7th Cir.) or 128 F. 3d 1164 (7th Cir., 1997)* .

## COUNT FIVE

Defendant, **SUNRISE CREDIT SERVICES, INC.** violated, **15 U.S.C. §1692e (2)** by falsely representing the legal status of a debt.

1. **Preceding counts are fully re-alleged as incorporated herein.**

2. Defendants, **SUNRIESE CREDIT SERVICES, INC.** misrepresented the legal status of an alleged debt by attempting to presume the alleged debt was owed to them in the amount of **$231002.09.**

3. Defendants failed to validate the debt.

4. Defendants failed to validate the legal status of the debt or demonstrate they were note holders with an interest.

5. The Plaintiff does not now or ever has had any business or contractual agreement for credit, loans or services relationship with the Defendant. Even if the Plaintiff did have such an agreement, which the Plaintiff denies, the alleged debt is not in question here. But the fact as to how it was or was not validated and wrongful actions of the Defendants in an attempt to collect the alleged debt, violated the civil rights of the Plaintiff and the law as outlined in the Fair Debt Collection Practices Act, 15 USC §1692,et seq.

**Wherefore**, Plaintiff demands judgment in the amount of $1000 against Defendants, SUNRISE CREDIT SERVICES, INC for actual damages for each of their violations of the FDCPA and FCRA plus all costs of this action along with punitive damages in an amount the court may allow or deems just and fit, as prescribed by law *Graziano v. Harrison, 950 F.2d 107, 113 (3d Cir. 1991), 15 U.S.C. sec. 1692k(a)(3),(see Zagorski v. Midwest Billing Services, Inc., F.3d--- (1997 WL 695401, 7th Cir.) or 128 F. 3d 1164 (7th Cir., 1997)* .

### COUNT SIX

Defendant, **BRACHFELD LAW GROUP, P.C.** violated, **15 U.S.C. §1692e (2)** by falsely representing the legal status of a debt.

1. **Preceding counts are fully re-alleged as incorporated herein.**

2. Defendants, **BRACHFELD LAW GROUP, P.C.** misrepresented the legal status of an alleged debt by attempting to presume the alleged debt was owed to them in the amount of **$82,324.39.**

3. Defendants failed to validate the debt.

4. Defendants failed to validate the legal status of the debt or demonstrate they were note holders with an interest.

5. The Plaintiff does not now or ever has had any business or contractual agreement for credit, loans or services relationship with the Defendant. Even if the Plaintiff did have such an

agreement, which the Plaintiff denies, the alleged debt is not in question here. But the fact as to how it was or was not validated and wrongful actions of the Defendants in an attempt to collect the alleged debt, violated the civil rights of the Plaintiff and the law as outlined in the Fair Debt Collection Practices Act, 15 USC §1692,et seq.

**Wherefore**, Plaintiff demands judgment in the amount of $1000 against Defendants, SUNRISE CREDIT SERVICES, INC for actual damages for each of their violations of the FDCPA and FCRA plus all costs of this action along with punitive damages in an amount the court may allow or deems just and fit, as prescribed by law *Graziano v. Harrison, 950 F.2d 107, 113 (3d Cir. 1991), 15 U.S.C. sec. 1692k(a)(3),(see Zagorski v. Midwest Billing Services, Inc., F.3d--- (1997 WL 695401, 7th Cir.) or 128 F. 3d 1164 (7th Cir., 1997)* .

## COUNT SEVEN

Defendant, **DECA FINANCIAL SERVICES, LLC** violated, **15 U.S.C. §1692e (2)** by falsely representing the legal status of a debt.

1. **Preceding counts are fully re-alleged as incorporated herein.**

2. Defendants, **DECA FINANCIAL SERVICES, LLC.** misrepresented the legal status of an alleged debt by attempting to presume the alleged debt was owed to them in the amount of **$73,137.38.**

3. Defendants failed to validate the debt.

4. Defendants failed to validate the legal status of the debt or demonstrate they were note holders with an interest.

5. The Plaintiff does not now or ever has had any business or contractual agreement for credit, loans or services relationship with the Defendant. Even if the Plaintiff did have such an agreement, which the Plaintiff denies, the alleged debt is not in question here. But the fact as to how it was or was not validated and wrongful actions of the Defendants in an attempt to

collect the alleged debt, violated the civil rights of the Plaintiff and the law as outlined in the Fair Debt Collection Practices Act, 15 USC §1692,et seq.

**Wherefore**, Plaintiff demands judgment in the amount of $1000 against Defendants, SUNRISE CREDIT SERVICES, INC for actual damages for each of their violations of the FDCPA and FCRA plus all costs of this action along with punitive damages in an amount the court may allow or deems just and fit, as prescribed by law *Graziano v. Harrison, 950 F.2d 107, 113 (3d Cir. 1991), 15 U.S.C. sec. 1692k(a)(3),(see Zagorski v. Midwest Billing Services, Inc., F.3d--- (1997 WL 695401, 7th Cir.) or 128 F. 3d 1164 (7th Cir., 1997)* .

## COUNT EIGHT

**Defendants violated, 15 U.S.C. §1692e (10) by false representation and deceptive means to collect a debt.**

1. **Preceding counts are fully re-alleged as incorporated herein.**

2. Defendants, SUNRISE CREDIT SERVICES, INC., BRACHFELD LAW GROUP, P.C. and DECA FINANCIAL SERVICES, LLC

3. made false representations in their dun letter which contained inaccurate information to justify their alleged claim.

4. Defendants relied on their false statements to create the illusion of an accurate accounting of a valid in force debt, when they knew the debt was not legitimate.

5. Defendant's intended to and did encourage, facilitate or assist in the commission of the unlawful acts, and thereby aided and abetted the other Defendants in the unlawful conduct.

6. Defendants created a fabricated relationship with one another, for the sole purpose of unjust enrichment.

7. Defendants failed to validate the debt and relied on the fabricated mis-statements in support of an alleged un-validated debt. When Defendants knew or should have known that the alleged debt was in dispute.

8. Defendant's failed to validate the alleged debt, or provide other legal justification for attempting to collect it.

9. The Plaintiff does not now or ever has had any business or contractual agreement for credit, loans or services relationship with the Defendants. Even if the Plaintiff did have such an agreement, which the Plaintiff denies, the alleged debt is not in question here. But the fact as to how it was or was not validated and wrongful actions of the Defendants in an attempt to collect the alleged debt, violated the civil rights of the Plaintiff and the law as outlined in the Fair Debt Collection Practices Act, 15 USC §1692,et seq.

**Wherefore**, Plaintiff demands judgment in the amount of $1000 against Defendants, SUNRISE CREDIT SERVICES, INC for actual damages for each of their violations of the FDCPA and FCRA plus all costs of this action along with punitive damages in an amount the court may allow or deems just and fit, as prescribed by law *Graziano v. Harrison, 950 F.2d 107, 113 (3d Cir. 1991), 15 U.S.C. sec. 1692k(a)(3),(see Zagorski v. Midwest Billing Services, Inc., F.3d--- (1997 WL 695401, 7th Cir.) or 128 F. 3d 1164 (7th Cir., 1997)* .

## COUNT NINE

**Defendants SUNRISE CREDIT SERVICES, INC. violated 15 USC §1692e (12) by turning the debt over to innocent purchasers for value.**

1) **Preceding counts are fully re-alleged as incorporated herein.**

2) Defendants, SUNRISE CREDIT SERVICES, INC. Violations include but are not limited to the following;

3) After failing to validate the alleged debt, per my first notice of dispute and  request for validation.

4) And after my second notice of dispute.

5) Defendant, SUNRISE CREDIT SERVICES, INC. sold, transferred or assigned the alleged debt to BRACHFELD LAW GROUP, P.C. and DECA FINANCIAL SERVICES, LLC,  as a means to avoid liability and accountability for their illegal actions in connection with their alleged debt claim.

6) Further violating Plaintiffs rights, in a continuous and willful attempt to collect on the same un-validated alleged debt.

7) Defendant, SUNRISE CREDIT SERVICES, INC. intended to and did encourage, facilitate or assist in the commission of the unlawful acts, and thereby aided and abetted Defendants, BRACHFELD LAW GROUP, P.C. and DECA FINANCIAL SERVICES, LLC in the unlawful conduct.

8) The fraudulent schemes have been undertaken on an institutionalized basis through the knowing participation and coordination of each Defendant(s).

9) The Plaintiff has not now or ever had any business affiliation or relationship with Defendants, SUNRISE CREDIT SERVICES, INC., BRACHFELD LAW GROUP, P.C. or DECA FINANCIAL SERVICES, LLC.

10) Even if the Plaintiff did have such an agreement, which the Plaintiff denies, the alleged debt is not in question here. But the fact as to how it was or was not validated and wrongful actions of the Defendants in an attempt to collect the alleged debt, violated the civil rights of the Plaintiff and the law as outlined in the Fair Debt Collections Practices Act, 15 USC §1692,et seq.

**Wherefore,** Plaintiff demands judgment in the amount of $1000 against Defendants, SUNRISE CREDIT SERVICES, INC. for actual damages for each of their violations of the FDCPA plus all costs of this action along with punitive damages in an amount the court may allow or deems just and fit, as prescribed by law *Graziano v. Harrison, 950 F.2d 107, 113 (3d Cir. 1991), 15 U.S.C. sec. 1692k(a)(3),(see Zagorski v. Midwest Billing Services, Inc., F.3d--- (1997 WL 695401, 7th Cir.) or 128 F. 3d 1164 (7th Cir., 1997)* .

**COUNT TEN**

**Defendants BRACHFELD LAW GROUP, P.C. violated 15 USC §1692e (12) Debt has been turned over to innocent purchasers for value.**

1. **Preceding counts are fully re-alleged as incorporated herein.**

2. Defendants, BRACHFELD LAW GROUP, P.C. Violations include but are not limited to the following;

3. After failing to validate the alleged debt, per my first notice of dispute and request for validation.

4. And after my second notice of dispute.

5. Defendant, BRACHFELD LAW GROUP, P.C. sold or transferred the alleged debt to DECA FINANCIAL SERVICES, LLC, as a means to avoid facing liability and accountability for their illegal actions in connection with their alleged debt claim.

6. Further violating Plaintiffs rights, in a continuous and willful attempt to collect on the same un-validated alleged debt.

7. Defendant, BRACHFELD LAW GROUP, P.C. intended to and did encourage, facilitate or assist in the commission of the unlawful acts, and thereby aided and abetted the other two Defendants in the unlawful conduct.

8. The fraudulent schemes have been undertaken on an institutionalized basis through the knowing participation and coordination of each Defendant.

9. The Plaintiff has not now or ever had any business affiliation or relationship with Defendants, BRACHFELD LAW GROUP, P.C. or DECA FINANCIAL SERVICES, LLC.

10. Even if the Plaintiff did have such an agreement, which the Plaintiff denies, the alleged debt is not in question here. But the fact as to how it was or was not validated and wrongful actions of the Defendants in an attempt to collect the alleged debt, violated the civil rights of the Plaintiff and the law as outlined in the Fair Debt Collections Practices Act, 15 USC §1692,et seq.

**Wherefore,** Plaintiff demands judgment in the amount of $1000 against Defendants, BRACHFELD LAW GROUP, P.C. for actual damages for each of their violations of the FDCPA plus all costs of this action along with punitive damages in an amount the court may

allow or deems just and fit, as prescribed by law *Graziano v. Harrison, 950 F.2d 107, 113 (3d Cir. 1991), 15 U.S.C. sec. 1692k(a)(3),(see Zagorski v. Midwest Billing Services, Inc., F.3d--- (1997 WL 695401, 7th Cir.) or 128 F. 3d 1164 (7th Cir., 1997)* .

## COUNT ELEVEN

**Defendant's, SUNRISE CREDIT SERVICES, INC., BRACHFELD LAW GROUP and DECA FINANCIAL SERVICES, LLC violated § 1692f by unfair and unconscionable means to collect or attempt to collect the alleged debt.**

1. **Preceding counts are fully re-alleged as incorporated herein.**

2. Defendants, violations include but are not limited to the following;

3. Defendants failed to validate the alleged debt, per Plaintiff's repeated notices of dispute and requests for validation.

4. Defendant, SUNRISE CREDIT SERVICES, INC. sold, assigned or transferred the alleged un-validated debt to BRACHFELD LAW GROUP, P.C., while the alleged debt was in dispute.

5. Willfully continuing to attempt an alleged un-validated debt, in direct violation of the FDCPA **U.S.C.§ 1692G (B),** AND Plaintiff's rights.

6. Defendant, BRACHFELD LAW GROUP, P.C. sold, assigned or transferred the alleged debt to DECA FINANCIAL SERVICES, LLC, as a means to avoid facing liability and accountability for their illegal actions in connection with their alleged debt claim.

7. Further violating Plaintiffs rights, in a continuous and willful attempt to collect on the same un-validated and disputed alleged debt.

8. Defendant, SUNRISE CREDIT SERVICES, INC. and BRACHFELD LAW GROUP, P.C. intended to and did encourage, facilitate or assist in the commission of the unlawful acts, and thereby aided and abetted Defendant, DECA FINANCIAL SERVICES, LLC in the unlawful conduct.

9. Defendant, DECA FINANCIAL SERVICES, LLC knew or should have known that the alleged debt was not legitimate and in dispute.

10. The fraudulent schemes have been undertaken on an institutionalized basis through the knowing participation and coordination of each Defendant.

11. The Plaintiff has not now or ever had any business affiliation or relationship with Defendants, SUNRISE CREDIT SERVICES, INC., BRACHFELD LAW GROUP, P.C. or DECA FINANCIAL SERVICES, LLC.

12. Even if the Plaintiff did have such an agreement, which the Plaintiff denies, the alleged debt is not in question here. But the fact as to how it was or was not validated and wrongful actions of the Defendants in an attempt to collect the alleged debt, violated the civil rights of the Plaintiff and the law as outlined in the Fair Debt Collections Practices Act, 15 USC §1692,et seq.

**Wherefore**, Plaintiff demands judgment in the amount of $1000 against Defendants, BRACHFELD LAW GROUP, P.C. for actual damages for each of their violations of the FDCPA plus all costs of this action along with punitive damages in an amount the court may allow or deems just and fit, as prescribed by law *Graziano v. Harrison, 950 F.2d 107, 113 (3d Cir. 1991), 15 U.S.C. sec. 1692k(a)(3),(see Zagorski v. Midwest Billing Services, Inc., F.3d--- (1997 WL 695401, 7th Cir.) or 128 F. 3d 1164 (7th Cir., 1997)* .

## COUNT TWELVE

**Defendants, DECA FINANCIAL SERVICES, LLC violated §1692f (1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.**

1. **Preceding counts are fully re-alleged as incorporated herein.**

2. Defendants, violations include but are not limited to the following;

3. Defendants failed to validate the alleged debt.

4. Defendants failed to validate the amount of the debt or demonstrate interest charged was a term in the alleged nonexistent agreement. the amount of the debt by alleging certain sums were due by charging hypothetical interest rates on an alleged and un-validated debt as reflected in Exhibit J.

5. Even if the Plaintiff did have such an agreement, which the Plaintiff denies, the alleged debt is not in question here. But the fact as to how it was or was not validated and wrongful actions of the Defendants in an attempt to collect the alleged debt, violated the civil rights of the Plaintiff and the law as outlined in the Fair Debt Collections Practices Act, 15 USC §1692,et seq.

**Wherefore,** Plaintiff demands judgment in the amount of $1000 against Defendants, BRACHFELD LAW GROUP, P.C. for actual damages for each of their violations of the FDCPA plus all costs of this action along with punitive damages in an amount the court may allow or deems just and fit, as prescribed by law *Graziano v. Harrison, 950 F.2d 107, 113 (3d Cir. 1991), 15 U.S.C. sec. 1692k(a)(3),(see Zagorski v. Midwest Billing Services, Inc., F.3d--- (1997 WL 695401, 7th Cir.) or 128 F. 3d 1164 (7th Cir., 1997)* .

## COUNT THIRTEEN

**Defendants, SUNRISE CREDIT SERVICES, INC. and BRACHFELD LAW GROUP, P.C. violated 15 U.S.C. §1692g(b) by continuing collection activity after receiving notice of dispute, and failed to provide written validation of debt before resuming collection activities.**

1. **Preceding counts are fully re-alleged as incorporated herein.**

2. Defendants, SUNRISE CREDIT SERVICES, INC. and BRACHFELD LAW GROUP, P.C. willfully violated **15 U.S.C. §1692 g (b)** when Plaintiff sent the first (1st) request for validation on February 14, 2011, and the second (2nd), and final request for validation in accordance with **15 U.S.C. 1692 G § 809 (b),** of the Fair Debt Collection Practices Act,

3. The Plaintiff mailed the dispute notices/validation via certified mail to SUNRISE CREDIT SERVICES, INC.

4. Defendant, SUNRISE CREDIT SERVICES, INC. sent Plaintiff a copy of an illegible Note, allegedly from M&I Corporation in a continuous effort to collect an un-validated debt.

5. Defendants failed to validate the legal status of the debt or demonstrate they were note holders with an interest.

6. The Plaintiff has not now or ever had any business affiliation or relationship with Defendant. Even if the Plaintiff did have such an agreement, which the Plaintiff denies, the alleged debt is not in question here. But the fact as to how it was or was not validated and wrongful actions of the Defendants in an attempt to collect the alleged debt, violated the civil rights of the Plaintiff and the law as outlined in the Debt Collection Practices Act, 15 USC §1601, et seq.

**COUNT FOURTEEN**

1) **Defendants violated § 809 by claiming, attempting or threatening to enforce a debt when such persons knew that the debt was not legitimate.**

2) **Preceding counts are fully re-alleged as incorporated herein.**

3) Defendants, SUNRISE CREDIT SERVICES, LLC, in an attempt to collect an illegitimate debt obfuscated the Parties to create confusion and avoid culpability for the collection of an illegitimate debt.

   a) Defendants failed to validate the debt.

   b) Defendants failed to validate the legitimacy of the debt.

   c) The Plaintiff does not now or ever has had any business or contractual agreement for credit, loans or services relationship with the Defendant. Even if the Plaintiff did have such an agreement, which the Plaintiff denies, the alleged debt is not in question here. But the fact as to how it was or was not validated and wrongful actions of the Defendants

in an attempt to collect the alleged debt, violated the civil rights of the Plaintiff and the law as outlined in the Fair Debt Collection Practices Act, 15 USC §1692,et seq.

**Wherefore,** Plaintiff demands judgment in the amount of $1000 against Defendants, NORTHLAND GROUP, INC. for actual damages for each of their violations of the FDCPA and FCRA plus all costs of this action along with punitive damages in an amount the court may allow or deems just and fit, as prescribed by law *Graziano v. Harrison, 950 F.2d 107, 113 (3d Cir. 1991), 15 U.S.C. sec. 1692k(a)(3),(see Zagorski v. Midwest Billing Services, Inc., F.3d--- (1997 WL 695401, 7th Cir.) or 128 F. 3d 1164 (7th Cir., 1997)* .

## COUNT FIFTEEN

**Defendants SUNRISE CREDIT SERVICES, INC. violated § 604. Permissible purposes of consumer reports [15 U.S.C. § 1681b]**
1. **Preceding counts are fully re-alleged as incorporated herein.**
2. Defendants violation include but are not limited to the following;

4) Defendant is a consumer, as defined by 15 U.S.C. §§ 1681a(c) and 1692a(3).

5) Plaintiff is a debt collector as defined by 15 U.S.C. § 1692a(3), and a person as defined by 15 U.S.C. § 1681a(b).

6) The account subject to this complaint is a debt, as defined by 15 U.S.C. § 1692a(5).

7) On or before January 18, 2011, without first communicating with Plaintiff, defendant initiated a hard pull of Plaintiff's Experian credit report.

8) Which reads the following; **Collection purpose. This inquiry is scheduled to continue on record until Feb 2013.** As Reflected in Plaintiff's EXHIBIT A.

9) In accordance with the written instructions of the consumer to whom it relates,No permissible purpose to pull the report. On or about January 2011 the Defendant preformed a inquiry into the Plaintiffs Experian report. The Defendant has not provided acceptable proof of any alleged debt subsequently violating the following in the FCRA, There was no authorization by the Plaintiff to pull the report.

10) Plaintiff contends that the illegal actions of Defendants SUNRISE CREDIT SERVICES, INC. have harmed the Plaintiff, resulting in credit denials, credit delays, inability to apply for

credit, financial loss, loss of use of funds, mental anguish, humiliation, a loss of reputation, and expenditures for attorney's fees and costs.

**11)** The Plaintiff denies ever having any contractual agreement for credit, loans or services relationship with the Defendant. Even if the Plaintiff did have such an agreement, which the Plaintiff denies, the alleged account is not in question here. But the fact as to how it was or was not verified and wrongful actions of the Defendant in inserting erroneous and inaccurate information and failure to remove the account from the Plaintiffs credit reports, violated the civil rights of the Plaintiff and the law as outlined in The Fair Credit Reporting Act 15 USC §1681, *et seq.*

WHEREFORE, Plaintiff demands judgment for damages against Defendants SUNRISE CREDIT SERVICES, INC for actual damages, and attorney's fees and costs, pursuant to 15 U.S.C. §1681o and 15 U.S.C. §1681o.

## RELIEF SOUGHT

WHEREFORE, Plaintiff demands judgment for damages against Defendants SUNRISE SERVICES INC, BRACHFELD LAW GROUP, P.C. and DECA FINANCIAL SERVICES, LLC. for actual damages, and attorney's fees and costs, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o. 15 U.S.C. § 1692k(a)(3); and any other relief this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted this __8TH__ day of November, 2011

By, _Randy Fortunato_ _____
Randy Fortunato, ( Affiant)

# EXHIBIT  A

## Record of Requests for Your Credit History

back to top

## Inquiries Shared With Others

We make your credit history available to your current and prospective creditors and employers as allowed by law. Experian may list these inquiries for up to two years so that you will have a record of the companies that accessed your credit information.

The section below lists all of the companies that have reviewed your credit history as a result of action you took, such as applying for credit or financing or as a result of a collection. The inquiries in this section are shared with companies that view your credit history.

### SUNRISE CREDIT SERVICES

Address:
260 AIRPORT PLAZA BLVD
FARMINGDALE NY 11735
*No phone number available*
Address Identification Number:
0330817752
Comments:
Collection purpose. This inquiry is scheduled to continue on record until Feb 2013.

Date of Request:
01/18/2011

### CREDITORS INTERCHANGE

Address:
80 HOLTZ DR

Date of Request:
10/11/2010

Case 2:11-cv-01798-KJD -PAL    Document 1    Filed 11/08/11    Page 28 of 82

## SUNRISE CREDIT SERVICES

Address:
260 AIRPORT PLAZA BLVD
FARMINGDALE NY 11735
*No phone number available*

Date of Request:
01/18/2011

# EXHIBIT  B


PO Box 9100
Farmingdale NY 11735-9100
**RETURN SERVICE REQUESTED**



**Sunrise Credit Services, Inc.**
P.O. Box 9100
Farmingdale, NY 11735-9100
866-369-6452 ● Fax: 631-501-8534


**ACA**
INTERNATIONAL
The Association of Credit
and Collection Professionals
Member

Hours:  Mon. – Fri. 8 AM – 11 PM EST, Sat. 8 AM – 4 PM EST

January 19, 2011

10331136-R1     469059903
⁕⁕|⁕|⁕⁕⁕|⁕|⁕⁕|⁕|⁕⁕⁕|⁕⁕|⁕⁕|⁕|⁕⁕|⁕|⁕⁕|⁕|⁕⁕
RANDY FORTUNATO
2166 Sunset Vista Ave
Henderson NV 89052-2379

**Account Information**
Client: M&I Corp.
Client Account #:    35444915
SCS Account #:      10331136

Account Balance:     $231002.09
Other Charges:            $0.00
Balance Due:        $231002.09

**Use Your "Tax Refund" to Clear Up This Debt**
**Call Us.  We're Happy to Help**

Dear RANDY FORTUNATO:          **WHEN YOU RECEIVE A COLLECTION NOTICE . . .**

1.  **Don't get angry** . . . Your account came to us from someone who values your business.

2.  **Communicate with us** . . . If you believe you don't owe this bill.

3.  **Let us help** . . . Our people are experienced in credit and collections and are able to assist you
    if you let them.

We have included a return envelope for your convenience. For other convenient payment options, visit us on the internet at
**www.sunrisecreditservices.com** or use our automated phone payment system at 866-565-7542, 24 hours a day, 7 days a
week.

Experience has proven that collection procedures are necessary when a debtor does not respond. Therefore, your attention is
important and may avoid further collection procedures.

The toll-free number for your account representative is 866-369-6452.

Sunrise Credit Services, Inc.
RANDY FORTUNATO

| CREDITOR | AMOUNT | INTEREST | FEES | TOTAL |
|---|---|---|---|---|
| M&I BANK CORP. | 67,191.07 | 0.00 | 0.00 | 67,191.07 |
| M&I BANK CORP. | 93,270.40 | 0.00 | 0.00 | 93,270.40 |
| M&I BANK CORP. | 70,540.62 | 0.00 | 0.00 | 70,540.62 |
| TOTAL | 231,002.09 | 0.00 | 0.00 | 231,002.09 |



**THIS IS AN ATTEMPT TO COLLECT A DEBT.**
**ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**
**THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**

**PLEASE REFER TO REVERSE SIDE FOR IMPORTANT INFORMATION**

R1   ⬇⬇   PLEASE DETACH AND RETURN BOTTOM PORTION WITH PAYMENT. KEEP TOP PORTION FOR YOUR RECORDS.    ⬇⬇

Call our toll free number 866-369-6452
Let our representatives help you pay your bill.

UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS FROM RECEIVING THIS NOTICE, THIS OFFICE WILL: OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUEST THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE, THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

Here are some quick and easy ways.

- **AUTO PAY**
  Use our automated phone payment system at 866-565-7542, 24 hours a day, 7 days a week and pay with your check or credit card.

- **WESTERN UNION**
  Call 1-800-238-5772 for the nearest location. Go to your nearest **Western Union** location (check cashing store, supermarket or pharmacy) and identify yourself as a **"Quick Collect Customer."** Include the following information on the **"Quick Collect"** form:
  - Payable to:           Sunrise Credit Services
  - Code/Destination:     Sunrise, NY
  - Reference Number:     Your Account Number

  After paying the cashier, call our toll free number and give the representative your account number, amount paid, and money control number from the receipt the cashier gives to you. Within minutes, your account is paid.

- **AMERICAN EXPRESS MONEYGRAM**
  Call 1-800-926-9400. For the nearest locations, go to your nearest MoneyGram Agent (Travel Agencies, Currency Exchange)

  Complete the Blue Express Payment form, include our four digit receiver code 0332.
  Company:        Sunrise Credit Services
  City/State:     Farmingdale, New York
  Account Number: Your Account Number

  After paying the cashier, call our toll free number and give the representative your account number, amount paid and confirmation number from the receipt the cashier gives to you.

- **CREDIT CARD / DEBIT CARD**
  Most accounts can be paid by a major credit card.

- **ACH**
  Automated Clearing House: Pay by phone and have the funds withdrawn from your checking or savings account.

- **BANK WIRE**

- **PAYPAL**…Visit us at sunrisecreditservices.com…follow instructions online.

**\*\*Please make sure to reference your account number on any payment made.\*\***


# CALIFORNIA

The state Rosenthal Fair Debt Collection Practices Act and the Federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest, or by using obscene language. Collectors may not use false or misleading statements, or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

**COLORADO**
A CONSUMER HAS THE RIGHT TO REQUEST IN WRITING THAT A DEBT COLLECTOR OR COLLECTION AGENCY CEASE FURTHER COMMUNICATION WITH THE CONSUMER. A WRITTEN REQUEST TO CEASE COMMUNICATION WILL NOT PROHIBIT THE DEBT COLLECTOR OR COLLECTION AGENCY FROM TAKING ANY OTHER ACTION AUTHORIZED BY LAW TO COLLECT THE DEBT. IF THE NOTIFICATION IS PLACED ON THE BACK OF THE WRITTEN COMMUNICATION, THERE SHALL BE A STATEMENT ON THE FRONT NOTIFYING THE CONSUMER OF SUCH FACT.

OUR RESIDENT OFFICE IN COLORADO IS LOCATED AT 600 SEVENTEENTH ST., SUITE 800 NORTH, DENVER, CO 80202. MON – FRI 8AM – 5PM. TELEPHONE NUMBER: 866-436-4766. THIS OFFICE WILL ACCEPT PAYMENTS AND CORRESPONDENCE.

For information about the Colorado Fair Debt Collection Practices Act, see WWW.COLORADOATTORNEYGENERAL.GOV/CA.

**MASSACHUSETTS**
*NOTICE OF IMPORTANT RIGHTS*
OUR RESIDENT OFFICE IN MASSACHUSETTS IS LOCATED AT (DO NOT SEND CORRESPONDENCE OR PAYMENTS TO THIS ADDRESS) 5230 WASHINGTON ST., WEST ROXBURY, MA 02132. MON. – THUR. 10AM – 3PM. YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN (10) DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN (7) DAYS OF SUCH REQUEST. YOU MAY

THIS COLLECTION BOARD IS LICENSED BY THE COLLECTION SERVICE BOARD, STATE DEPARTMENT OF COMMERCE AND INSURANCE.

**MINNESOTA**
This collection agency is licensed by the Minnesota Department of Commerce.

**TENNESSEE**
This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.

**UTAH**
As required by Utah law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

Client: M&I Corp.
Client Account #:   35444915
SCS Account #:   10331136

Account Balance:   $231002.09
Other Charges:   $0.00
Balance Due:   $231002.09

RANDY FORTUNATO
2166 SUNSET VISTA AVE
HENDERSON NV 89052-2379

SUNRISE CREDIT SERVICES, INC.
PO BOX 9100
FARMINGDALE NY 11735-9100

R1

NAME

ADDRESS

CITY

STATE _____ ZIP _____

PHONE NO. _____

☐ CHECK IF NEW ADDRESS

PRESORTED
FIRST-CLASS MAIL
U.S. POSTAGE PAID
DSI-48393

0011 0121 00

SUNRISE CREDIT SERVICES INC
PO BOX 9100
FARMINGDALE NY 11735-9100

Place
Stamp
Here

# EXHIBIT  C

USPS  CERTIFIED MAIL TRACKING No  7010 1060 0001 4814 8164

Sunrise Credit Collection Services, Inc.         Randy Fortunato
P. O. Box 9100                                   2166 Sunset Vista Avenue
Farmingdale, NY 11735-9100                       Henderson, Nevada  89052

Attn: Unknown—Unsigned Correspondence Received
RE: Your Client, M&I Corp.
Re: Your account #'s  35444915/10331136

A collection letter was received from your office. Who are you?
At this time I do not have sufficient information to admit or deny your claim. **Don't get angry**....but, your offer to contract is denied.
Experience has proven that 99.9% of collection procedures are fraudulent when the collection agency does not respond to validation and verification of the purported debt. Therefore, your attention is important and may avoid further requests for proof of claim.

NOTICE TO AGENT IS NOTICE TO PRINCIPAL
NOTICE TO PRINCIPAL IS NOTICE TO AGENT

You are hereby in receipt of notice under the authority of the Fair Debt Collections Practices Act regarding your above referenced account numbers that part, or all, of the alleged debt is DISPUTED and hereby demand validation and verification, in writing, as follows:

1) A copy of the ORIGINAL signed contract, original application including the CUSIP number and other supporting documentation that gave rise to the alleged obligation  Sunrise Credit Services, Inc. is claiming owed.
2) Statement, under penalty of perjury:
a.)  that your client is the bona fide party in interest of the contract and will produce said ORIGINAL signed contract (#1 above) for my own and a judge's inspection should there be a trial to contest these matters.
b.)  the name and address of all persons, corporations, associations, legal firms or any other parties and entities having an interest in the collection or legal proceedings regarding the alleged debt.
c.)  that as a debt collector you have not purchased evidence of debt and are proceeding with this collection activity solely in the name of the original contracting party.
d.)  that you know and understand that certain clauses in a contract of adhesion are unenforceable unless the party to whom the contract is extended could have selectively rejected the clause.
e.)  and provide written verification from the stated creditor that you are authorized to act on their behalf in this debt collection action.
f.)  That Sunrise Credit Services, Inc. has taken reasonable and prudent diligence to verify that the amount claimed owed is in fact a legitimate debt prior to instigating this action and

1

USPS  CERTIFIED MAIL TRACKING No  7010 1060 0001 4814 8164

making said claims, and that all relevant correspondence has been reviewed prior to initiating this claim.

3) Production of the account and general ledger statement showing the full accounting of the alleged obligation you are attempting to collect from me, signed and sworn by the person responsible for maintaining these records and having firsthand knowledge as to their accuracy and authenticity, and able to testify under oath to that effect.
 4) PROVIDE THE FOLLOWING:  1. The loan sale document
                                                         2. the transmittal documents
                                                         3. the Bill of Sale
                                                         4. the guarantee, and Proof Of Delivery
                                                         5. all assignments
     Contacting me again after receipt of this notice without providing procedurally proper validation of the alleged debt constitutes a scheme of fraud by advancing a writing that you know or should know is false, with the intention that the courts and/or others rely on the written communication to impair or damage my credit rating, my reputation, my standing in the community as well as intentionally inflicting financial and emotional harm upon me.  I take this notice, and my rights, very seriously and expect Sunrise Credit Services, Inc. to do the same.

**Please take notice that this is a criminal investigation of the business practices of the above named organization or other governmental unit, it's agents, officers, employees and attorney to determine violations of the United States criminal laws.** Your enclosed claim of collection of a purported debt appears to be founded upon a false record in violation of U.S.C. Title 18 § 2071 and 2073 (falsifying records) and further; uttering and possessing false obligations and counterfeit securities based upon the falsified records in violation of U.S.C. Title 18 § 471, 472, 473 and/or 513, and further: using corrupt business practices to make and possess false records and claim of obligation, not substantiated by truthful facts in violation of the Federal Racketeer Influences and Corrupt Organization (RICO), U.S.C. Title 18 § 1961 et. seq. and further: using the U.S. Mail to present such fraud and false instruments amounting to Mail Fraud, criminal conduct falling under Title 18 U.S.C. § 1341 – Frauds and Swindles laws, and further sending mail with false and fictitious names, a criminal conduct falling under Title 18 U.S.C. § 1842 – Fictitious Names.

### TAKE NOTICE

Debt Collector's failure in providing Respondent with the requisite verification, validating the above referenced alleged debt within the requirements of law as codified in the Fair Debt Collection Practices Act, Fair Credit Reporting Act and the corresponding laws of each state, signifies that Debt Collector tacitly agrees that:

Debt Collector has no lawful, bona fide, verified claim, re the above-referenced alleged account

2

USPS CERTIFIED MAIL TRACKING No 7010 1060 0001 4814 8164

Debt Collector waives any and all claims against Respondent and

Debt Collector tacitly agrees that Debt Collector will compensate Respondent for all costs, fees and expenses incurred in defending against this and any and all continued collection attempts, re the above-referenced alleged account.

Failure of Debt Collector to properly and legally verify/validate alleged debt as required in this notice is a self executing irrevocable power of attorney authorizing Respondent/Alleged Debtor named herein to direct the permanent removal, on behalf of the alleged Creditor, of any and all references to said account in any and all credit reporting agency files of any type.

I expect a response within 21 business days of receipt of letter.

This response will constitute my effort to resolve this on-going debt claim between the parties involved. Until full disclosure is achieved, there can be no case, collection or action. "No civil or criminal cause of action can arise lest, out of fraud, there be a valid, honest contract." See *Eads v. Marks* 249 P. 2d 257, 260.                     By: _____

Done this _____ 14 _____ Day of __ FEB _____ 2011

**ACKNOWLEDGEMENT OF NOTARY**

*Clark County*
*State of Nevada*
*On the* __14__ *day of* __FEBRUARY__ *,2011 before me,*
__DAVID L. MᶜGOVERN__ *, a Notary*
*Name, Title of Officer of Notary Public*
Personally appeared __RANDY FORTUNATO__ and proved to me on the basis of satisfactory evidence of identification to be the living man whose name is subscribed upon these instruments and acknowledged to me that he executed the same in his authorized capacity.

**Witnessed, my hand and official seal.**
__David L. MᶜGovern__ SEAL
**My Commission Expires:** __11/26/14__

Notary Puplic - State Of Nevada
COUNTY OF CLARK
DAVID L. MCGOVERN
My Appointment Expires
Nov ?? 2014
No. 02-78950-1

3

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

SUNRISE CREDIT
COLLECTION SERVICES INC.
P.O. BOX 9100
FARMINGDALE, NY
11735-9100

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7010 1060 0001 4814 8164

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

---

7010 1060 0001 4814 8164

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

| | | |
|---|---|---|
| Postage | $ | $0.44 | 0252 |
| Certified Fee | $2.80 | 05 |
| Return Receipt Fee (Endorsement Required) | $2.30 | |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ | $5.54 | 02/14/2011 |

Sent To
SUNRISE CREDIT COLLECTION SERVICES INC.
Street, Apt. No.;
or PO Box No. P.O. BOX 11735-9100
City, State, ZIP+4

PS Form 3800, August 2006     See Reverse for Instructions

# EXHIBIT  D



Γ18

260 AIRPORT PLAZA, FARMINGDALE, N.Y. 11735
631-501-8500 • 1-800-645-9824
FAX: 631-501-8534



**ACA**
INTERNATIONAL
The Association of Credit
and Collection Professionals

Hrs: Mon. 8AM–10PM, Tues. 8AM–11PM,
Wed./Thurs. 8AM–10PM, Fri. 8AM–9PM, Sat. 8AM–8PM

```
                              P7  10331136
                    CLIENT:  M&I  BANK CORP.

RANDY FORTUNATO
2166 SUNSET VISTA AVE                ACCT BAL: $231002.09
HENDERSON          NV 89052          OTHER CHGS: $     0.00
                                     BAL DUE: $231002.09


                              FEBRUARY 23, 2011
```

DEAR SIRS:

YOUR RECENT COMMUNICATION REQUESTING VERIFICATION OF THE ABOVE DEBT HAS BEEN HANDLED.  PLEASE NOTE THE ENCLOSED STATEMENT.


WE WOULD APPRECIATE YOUR CHECK OR MONEY ORDER FOR THE ABOVE AMOUNT DUE BY RETURN MAIL.


FOR INFORMATION CONCERNING YOUR ACCOUNT CALL ME AT 1-800-645-9824.

```
                         SUNRISE CREDIT SERVICES, INC


                         VINNY APONTE
```

THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

| CREDITOR | AMOUNT | INTEREST | FEES | TOTAL |
|---|---|---|---|---|
| M&I BANK CORP. | 67,191.07 | 0.00 | 0.00 | 67,191.07 |
| M&I BANK CORP. | 93,270.40 | 0.00 | 0.00 | 93,270.40 |
| M&I BANK CORP. | 70,540.62 | 0.00 | 0.00 | 70,540.62 |
| TOTAL | 231,002.09 | 0.00 | 0.00 | 231,002.09 |

THIS IS AN ATTEMPT TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOS
THIS COMMUNICATION IS FROM A DEBT COLLECTOR.
PLEASE REFER TO REVERSE SIDE FOR IMPORTANT INFORMATION.



...is is to certify that this is a tr...
and correct copy of the Original
Grand Canyon Title Agency, Inc
by _____

# 35444915

# InterestFirst<sup>SM</sup> ADJUSTABLE RATE NOTE
### (One-Year Treasury Index - Rate Caps)

THIS NOTE CONTAINS PROVISIONS ALLOWING FOR A CHANGE IN MY FIXED INTEREST RATE
TO AN ADJUSTABLE INTEREST RATE AND FOR CHANGES IN MY MONTHLY PAYMENT. THIS
NOTE LIMITS THE AMOUNT MY ADJUSTABLE INTEREST RATE CAN CHANGE AT ANY ONE
TIME AND THE MAXIMUM RATE I MUST PAY.

July 25, 2005                    Peoria                    Arizona
  [Date]                         [City]                    [State]

Parcel 503-92-441, Wittmann, AZ  85361

[Property Address]

**1.   BORROWER'S PROMISE TO PAY**
In return for a loan that I have received, I promise to pay U.S. $ 58,500.00        (this amount is called
"Principal"), plus interest, to the order of Lender. Lender is M&I Marshall & Ilsley Bank

I will make all payments under this Note in the form of cash, check or money order.
I understand that Lender may transfer this Note. Lender or anyone who takes this Note by transfer and who is entitled
to receive payments under this Note is called the "Note Holder."

**2.   INTEREST**
Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a
yearly rate of        8.000 %. The interest rate I will pay may change in accordance with Section 4 of this Note.
The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any
default described in Section 7(B) of this Note.

**3.   PAYMENTS**
(A) Time and Place of Payments
I will make a payment on the first day of every month, beginning on 09/01/2006                    . Before the
First Principal and Interest Payment Due Date as described in Section 4 of this Note, my payment will consist only of the
interest due on the unpaid principal balance of this Note. Thereafter, I will pay principal and interest by making a payment
every month as provided below.
I will make my monthly payments of principal and interest beginning on the First Principal and Interest Payment Due
Date as described in Section 4 of this Note. I will make these payments every month until I have paid all of the principal and
interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of
its scheduled due date, and if the payment includes both principal and interest, it will be applied to interest before Principal.
If, on August 01, 2036              , I still owe amounts under this Note, I will pay those amounts in full on that
date, which is called the "Maturity Date."
I will make my monthly payments at 770 N Water Street  Milwaukee, WI 53202

or at a different place if required by the Note Holder.
(B) Amount of My Initial Monthly Payments
My monthly payment will be in the amount of U.S. $ 390.00              before the First Principal and
Interest Payment Due Date, and thereafter will be in an amount sufficient to repay the principal and interest at the rate
determined as described in Section 4 of this Note in substantially equal installments by the Maturity Date. The Note Holder
will notify me prior to the date of change in monthly payment.

35444915                                          Fortunato, R

MULTISTATE InterestFirst ADJUSTABLE RATE NOTE - ONE-YEAR TREASURY INDEX - Single Family - Fannie Mae Uniform Instrument
[Wolters Kluwer] -171N (0212) 31                                  Form 3531 11/01
VMP Mortgage Solutions, Inc. (800)321-7291
Page 1 of 5                                          Initials: R.F.

**(C) Monthly Payment Changes**

Changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 or 5 of this Note.

**4.   ADJUSTABLE INTEREST RATE AND MONTHLY PAYMENT CHANGES**

**(A) Change Dates**

The initial fixed interest rate I will pay will change to an adjustable interest rate on the first day of August, 2009            , and the adjustable interest rate I will pay may change on that day every 12th month thereafter. The date on which my initial fixed interest rate changes to an adjustable interest rate, and each date on which my adjustable interest rate could change, is called a "Change Date."

**(B) The Index**

Beginning with the first Change Date, my adjustable interest rate will be based on an Index. The "Index" is the weekly average yield on United States Treasury securities adjusted to a constant maturity of one year, as made available by the Federal Reserve Board. The most recent Index figure available as of the date 45 days before each Change Date is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

**(C) Calculation of Changes**

Before each Change Date, the Note Holder will calculate my new interest rate by adding Three and 625/1000 percentage points (            3.625%) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

**(D) Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than            10.000 % or less than            6.000%. Thereafter, my adjustable interest rate will never be increased or decreased on any single Change Date by more than two percentage points from the rate of interest I have been paying for the preceding 12 months. My interest rate will never be greater than            14.000%.

**(E) Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F)  Notice of Changes**

Before the effective date of any change in my interest rate and/or monthly payment, the Note Holder will deliver or mail to me a notice of such change. The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

**(G)  Date of First Principal and Interest Payment**

The date of my first payment consisting of both principal and interest on this Note (the "First Principal and Interest Payment Due Date") shall be the first monthly payment date after the first Change Date.

**5.   BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date of my monthly payment unless the Note Holder agrees in writing to those changes. If the partial Prepayment is made during the period when my monthly payments consist only of interest, the amount of the monthly payment will decrease for the remainder of the term when my monthly payments consist only of interest. If the partial Prepayment is made during the period when my payments consist of principal and interest, my partial Prepayment may reduce the amount of my monthly payments after the first Change Date following my partial Prepayment. However, any reduction due to my partial Prepayment may be offset by an interest rate increase.

35444915

Fortunato, R.
Form 3531 3/04

Index 

CHASE-17.N (02.01) 04                                             Page 2 of 4

**6.   LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me that exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**7.   BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A) Late Charges for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of   15       calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be       5.000% of my overdue payment of interest, during the period when my payment is interest only, and of principal and interest thereafter. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal that has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D) No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**8.   GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Unless the Note Holder requires a different method, any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**9.   OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**10.   WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**11.   UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses that might result if I do not keep the promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions read as follows:



(A)  Until my initial fixed interest rate changes to an adjustable interest rate under the terms stated in Section 4 above, Uniform Covenant 18 of the Security Instrument shall read as follows:

Transfer of the Property or a Beneficial Interest in Borrower. As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

(B)  When my initial fixed interest rate changes to an adjustable interest rate under the terms stated in Section 4 above, Uniform Covenant 18 of the Security Instrument described in Section 11(A) above shall then cease to be in effect, and Uniform Covenant 18 of the Security Instrument shall instead read as follows:

Transfer of the Property or a Beneficial Interest in Borrower. As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender also may require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)          _____ (Seal)
Randy R Fortunato                 -Borrower                                          -Borrower


_____ (Seal)          _____ (Seal)
                                  -Borrower                                          -Borrower


_____ (Seal)          _____ (Seal)
                                  -Borrower                                          -Borrower


_____ (Seal)          _____ (Seal)
                                  -Borrower                                          -Borrower


*[Sign Original Only]*

35444915

Fortunato, R

Form 3531 11/21

W.B.A. 458 (4/17/93)                    **MORTGAGE NOTE**    97832    :004155123    FORTUNATO, R

Wisconsin Bankers Association 1993    (Do not use for a loan of $25,000 or less to individuals for personal, family, household or    Boxes not checked
                                      agricultural purposes unless the loan is secured by a first mortgage.  For use with fixed or variable rate.)    are inapplicable.

Randy  Fortunato                                                    April    24  2006    $    77,350.00
                                                                        (Date)
I promise to pay
to the order of    M&I Marshall and Ilsley Bank                                                    ("Lender")
at   770 North Water Street         Milwaukee, WI 53202         , the principal sum of $    77,350.00

**[Check (a), (b), (c); only one shall apply.]**

☒ (a) in one payment on   May    1    2009   , plus interest payable as set forth below.
☐ (b)                equal installments of $                    due on
     ☐ the same days of each              month thereafter  ☐ every 7th day thereafter  ☐ every 14th day thereafter, PLUS a final
     payment of unpaid principal and accrued interest due on
     below, if applicable.  All payments include principal and interest.
☐ (c)                equal installments of principal or $                    due on
     ☐ the same days of each              month thereafter  ☐ every 7th day thereafter  ☐ every 14th day
     thereafter, PLUS a final payment of unpaid principal due on          , PLUS interest payable as set forth below.
Lender is under no obligation to refinance the final payment at maturity.

**[Check (d) or (e); only one shall apply.]**   This Note bears interest on the unpaid balance before maturity.

☒ (d) At the rate of    7.750   % per year.
☐ (e) At the annual rate which is equal to the following Index Rate, plus                    percentage points ("Note Rate"), and the Note Rate shall be
adjusted as provided below.  The Index Rate is:
     ☐ The average annual discount rate for 26 week U.S. Treasury bills, as determined by the          auction of the bills in the          month preceding
     then date and in the              month preceding each Change Date defined below, rounded up or down to the nearest          percentage point.
     ☐

The Initial Note Rate is          % per year.  The Note Rate will not exceed                    percentage points from the rate of
interest in effect immediately prior to the Change Date.
The Note Rate shall be adjusted only on the following Change Dates:  ☐ the first day of each month  ☐ each scheduled payment date  ☐ as and when the Index
Rate changes  ☐
Lender may decline to implement in full or in part any authorized increase in the Note Rate, and such increase declined by the Lender may thereafter be used
either to offset any subsequent decrease in the Index Rate or to supplement any subsequent increase in the Index Rate on any Change Date.
An adjustment in the Note Rate will result in an increase or decrease in (1)  ☐ the amount of each payment of interest, (2)  ☐ the amount of the final payment,
☐ the number of scheduled periodic payments sufficient to repay this Note in substantially equal payments, (4)  ☐ the amount of each remaining payment of
principal and interest so that those remaining payments will be substantially equal and sufficient to repay this Note by its scheduled maturity date, or (5)  ☐ the
amount of each remaining payment of principal and interest (other than the final payment) so that those remaining payments will be substantially equal and
sufficient to repay this Note by its scheduled maturity date based on the original amortization schedule used by Lender, plus the final payment of principal and
interest.  I agree to pay any resulting payments or amounts.  If the Index Rate ceases to be available to Lender during the term of this Note, Lender may substitute
a comparable index.
☐ (f) Interest is computed for the actual number of days principal is unpaid  ☐ on the basis of a 360 day year  ☐ on the basis of a 365 day year.
☒ (g) Interest is computed for the number of days principal is unpaid on the basis of a 360 day year, counting each day as one thirtieth of a month and disregarding
differences in lengths of months and years.

Interest is payable on    06/01/06          and on  ☒ the same day of each          consecutive          month thereafter  ☐ every 7th
day thereafter  ☐ every 14th day thereafter, and at maturity, or, if box (b) is checked, at the times so indicated.  All unpaid principal and accrued interest that remains
after maturity, whether occurred by acceleration or lapse of time, until paid, at the rate  ☒ which would otherwise be applicable plus                    percentage points  ☐ on
the         per year computed on the same basis.  If any payment is not made on or before the    15th    day after its due date, Lender may collect a delinquency
charge of  5.00   % of the unpaid amount.  I agree to pay a charge of $          for each check presented for payment under this Note
which is returned unsatisfied.

This Note is secured by real estate under an agreement dated    April   24  2006    from
Randy Fortunato, an unmarried man                                                    to Lender.

☐  This is a construction loan and interest is payable on the amounts advanced beginning          , and on the same day of each
          month thereafter until          .
☐  I authorize Lender to automatically deduct payments due under this Note from an account I will maintain with Lender.  I will keep sufficient funds in the account to
pay the full amount of each payment on the date it is due.
☐  This Note is subject to the following additional terms:
     ☒ Any installment paid within    30    days (not more than 30) prior to or after its due date is considered paid on the due date of the installment solely for
     purposes of determining interest earned on this Note and not for purposes of determining default or delinquency charges.
     ☐ This Note renews and does not satisfy or discharge a Note I executed to Lender on          .
Full or partial prepayment of this Note  ☒ is permitted at any time without penalty  ☐.

Upon prepayment in full, unearned interest will be refunded to the extent required by law.  Lender may apply prepayments to such future installments as it elects.
For Wisconsin residents only, I,    Randy Fortunato                              , am  ☐ married  ☒ unmarried  ☐ legally separated.  If I am
                                              (Name)
married and my spouse is not signing below, the name of my spouse is
shown below or at    ☐.                                              and my spouse resides at  ☐ the address

If I am a married Wisconsin resident, the obligation evidenced by this Note is being incurred in the interest of my marriage and family.

X

**VARIABLE RATE DISCLOSURES**
If box (e) above is checked, this Note contains a variable interest rate provision.  The following disclosures are applicable if this Note is secured by a first lien on
or the mortgage of consumer's principal dwelling used as my principal place of residence.  An increase or decrease in the Index Rate
described above will cause a corresponding increase or decrease in the rate of interest.  The current Index Rate value is          %.  I may prepay this
Note at any time in full or in part without penalty.  Notice of any interest rate increase must be given to me.
I acknowledge receipt of a completed copy of this Note.  "I", "my" and "me" includes each person who signs this Note and our obligations are joint and several.  This
Note includes the additional Provisions on the reverse side.

2166 Sunset Vista Av.        Henderson, NV 89052        X _Randy Fortunato_ (signature)        (SEA
                    (Address)                              Randy Fortunato

                                                    X                                        (SEA
                    (Address)

                                                    X                                        (SEA
                    (Address)

This is to certify that this is a true
and correct copy of the Original.
Grand Canyon Title Agency, Inc.

### ADDITIONAL PROVISIONS

If I fail to make a payment under this Note when due, and the default continues for 10 days, or upon the occurrence of an event of default described in any agreement securing this Note, Lender may declare the entire balance of principal and accrued interest to be payable immediately, without notice or demand. All payments shall be applied in such manner as Lender determines to interest, principal and payments due under this Note or any agreement securing this Note. Unless a lien is prohibited by law or would render a nontaxable account taxable, I grant to Lender a security interest and lien in any deposit account I may at any time have with Lender. Lender may at any time after occurrence of an event of default, without notice or demand, set-off any amount unpaid on this Note against any deposit balances I may at any time have with Lender, or other money now or hereafter owed me by Lender. This Note is also secured by all existing and future security agreements covering personal property (other than a dwelling, unless disclosed on the reverse side) between Lender and any of us, between Lender and any guarantor or endorser of this Note, and between Lender and any other person providing collateral security for my obligations.

Presentment, protest, demand and notice of dishonor are waived. Without affecting my liability or the liability of any endorser, surety or guarantor, Lender may, without notice, grant renewals or extensions, accept partial payments, release or impair any collateral security for the payment of this Note or agree not to sue any party liable on it. I agree to pay all costs of collection before and after judgment, including, to the extent not prohibited by law, reasonable attorneys' fees.

I acknowledge that Lender has not made any representations or warranties with respect to, and that Lender does not assume any responsibility to me for, the collectability or enforceability of this Note or the financial condition of any of us. Each of us independently determined our creditworthiness and the enforceability of this Note.

This Note is intended by Lender and me as a final expression of this Note and as a complete and exclusive statement of its terms, there being no conditions to the enforceability of this Note. This Note may not be supplemented or modified except in writing. This Note benefits Lender, its successors and assigns, and binds me and my heirs, personal representatives and assigns.

W.B.A. 458 (4/17/93)     **MORTGAGE NOTE**    9762352-0004218043    **FORTUNATO, R**

Wisconsin Bankers Association 1993    (Do not use for a loan of $25,000 or less to individuals for personal, family, household or    Boxes not checked
agricultural purposes unless the loan is secured by a first mortgage.  For use with fixed or variable rate.)    are inapplicable

Randy Fortunato      July   6   2006    58,500.00
I promise to pay         (Date)     This is to certify that this is a true
to the order of   **M&I Marshall and Ilsley Bank**     and correct copy of the Original
at: 770 North Water Street    Milwaukee, WI 53202    the principal sum of $58,500.00
           Red Canyon Title Agency, Inc.

**[Check (a), (b), (c): only one shall apply.]**

☒ (a) in one payment on    **August**   1   **2009**  , plus interest payable as set forth below.

☐ (b) in ☐ the same day(s) of each    equal installments of $ _____   ☐ every 7th day thereafter   ☐ every 14th day thereafter   PLUS a final , and on
   payment of unpaid principal and accrued interest due on _____ due on _____ all subject to modification as set forth in (e)
   below, if applicable.  All payments include principal and interest.

☐ (c) in _____ equal installments of principal of $ _____    due on _____ , and on
   ☐ the same day(s) of each     month thereafter   ☐ every 7th day thereafter   ☐ every 14th day
   thereafter,  PLUS a final payment of unpaid principal due on _____ , PLUS interest payable as set forth below.
Lender is under no obligation to refinance the final payment at maturity.

**[Check (d) or (e):only one shall apply.]**    This Note bears interest on the unpaid balance before maturity.

☒ (d) At the rate of    **8.500**   % per year.

☐ (e) At the annual rate which is equal to the following Index Rate, plus _____ percentage points ("Note Rate"), and the Note Rate shall be
adjusted as provided below.  The Index Rate is:
   ☐ The average annual discount rate for 26-week U.S. Treasury bills, as determined by the _____ auction of the bills in the _____ month preceding
   this date and in the _____ month preceding each Change Date defined below, rounded up or down to the nearest _____ percentage point.
   ☐

The initial Note Rate is _____ % per year.  The Note Rate will not exceed _____

☐ This Note Rate will never be increased or decreased on any single Change Date defined below by more than _____ percentage points from the rate of
interest in effect immediately prior to the Change Date.

☐ The Note Rate shall be adjusted only on the following Change Dates:  ☐ the first day of each month  ☐ each scheduled payment date  ☐ as and when the Index
Rate changes.  ☐

Lender or its designee to implement in full or in part any rate rise/ increase in the Note Rate, and such increase defined by, the Lender may thereafter be used
either to offset any subsequent decrease in the Index Rate or to supplement any subsequent increase in the Index Rate on any Change Date.
An adjustment in the Note Rate will result in an increase or decrease in (1)  ☐ the amount of each payment of interest, (2)  ☐ the amount of the final payment, (3)
☐ the number of scheduled periodic payments sufficient to repay this Note in substantially equal payments,(4)  ☐ the amount of each remaining payment of
principal and interest so that those remaining payments will be substantially equal and sufficient to repay this Note by its scheduled maturity date, or (5)  ☐ the
amount of each remaining payment of principal and interest (other than the final payment) so that these remaining payments will be substantially equal and
sufficient to repay this Note by its scheduled maturity date based on the original amortization schedule used by Lender, plus the final payment of principal and
interest.  I agree to pay any resulting payments or amounts.  If the Index Rate ceases to be available to Lender during the term of this Note, Lender may substitute
a comparable index.

☐ iv) Interest is computed for the actual number of days principal is unpaid  ☐ on the basis of a 360 day year  ☐ on the basis of a 365 day year.

☒ (g) Interest is computed for the number of days principal is unpaid on the basis of a 360 day year, counting each day as one thirtieth of a month and disregarding
differences in length of months and years

Interest is payable on _____ on _____  ☒ the same day of each   **consecutive**    month thereafter  ☐ every 7th
day thereafter  ☐ every 14th day thereafter, and at maturity, or, if box (b) is checked, at the times so indicated.  All unpaid principal and accrued interest bear interest
after maturity, whether occuring by acceleration or lapse of time, until paid, at the rate  ☒ which would otherwise be applicable plus _____ percentage points  ☐ of
_____ % per year computed on the same basis.  If any payment is not made on or before the   **15th**   day after its due date, Lender may collect a delinquency
charge of   **5.00**   % of the unpaid amount.  I agree to pay a charge of $ _____ for each check presented for payment under this Note
which is returned unsatisfied.

This Note is secured by real estate under an agreement dated   July   6   2006   from

**Randy Fortunato, a single man**           to Lender.

☐ This is a construction loan and interest is payable on the amounts advanced beginning _____ and on the same day of each
_____ month thereafter until _____

☐ I authorize Lender to automatically deduct payments due under this Note from an account I will maintain with Lender.  I will keep sufficient funds in the account to
pay the full amount of each payment on the date it is due.

This Note is subject to the following additional terms:
☐ Any installment paid within   **30**   days (but more than 30) prior to or after its due date is considered paid on the due date of that installment solely for
purposes of determining interest earned on this Note and not for purposes of determining default or delinquency charges.
☐ This Note renews and does not satisfy or discharge a Note I executed at Lender on _____
Full or partial prepayment of the Note  ☒ is permitted at any time without penalty.

Upon prepayment in full, unearned interest will be refunded to the extent required by law.  Lender may apply prepayments to such future installments as it elects.
For Wisconsin residents only:    **Randy Fortunato**      am  ☐ married  ☒ unmarried  ☐ legally separated.  If I am
married and my spouse is not signing below, the name of my spouse is _____ and my spouse resides at  ☐ the address
shown below or at  ☐ _____

If I am a married Wisconsin resident, the obligation evidenced by this Note is being incurred in the interest of my marriage and family.

X _____

---

**VARIABLE RATE DISCLOSURES**
If box (e) above is checked, this Note contains a variable interest rate provision.  The following disclosures are applicable if the Note is secured by a first lien real
estate mortgage or equivalent security interest on a one-to-four family dwelling used as my principal place of residence.  An increase or decrease in the Index Rate
described above will cause a corresponding increase or decrease in the rate of interest.  The current Index Rate value is _____ %.  I may prepay this
Note in whole or in part at any time without penalty.  Notice of any interest rate increase must be given to me.

I acknowledge receipt of a completed copy of this Note.  "I", "my" and "me" includes each person who signs this Note and our obligations are joint and several.  This
Note includes the Additional Provisions on the reverse side.

2166 Sunset Vista Av. _____ Henderson, NV 89052    X *Randy Fortunato*      (SEAL)
(Address)            **Randy Fortunato**

_____ X _____ (SEAL)
(Address)            (Signature)

_____ X _____ (SEAL)

---

FOR LENDER USE ONLY

☐ Consumer Transaction or Adjustable Rate Mortgage may be prepared    ☐ Deferred     ☐ First Mortgage (W.B.A. 473, 474 in 2000 plus for jurisdiction)    ☐ Released
☐ Transfer of lien program and lender may be required    ☐ Retained     ☐ Release and Notice (W.B.A. 475 or Paid day Retained)    ☐ Delivered
☐ Use a W.B.A. 458 Mortgage with this Note           ☐ RMT Note (W.B.A. 458RMT) 2000-480 may be retained    ☐ Retained
*If checked, see Additional Provisions 10 and conditions               LOAN OFFICER

WBAMO FRM (17/99)

## ADDITIONAL PROVISIONS

If I fail to make a payment under this Note when due, and the default continues for 10 days, or upon the occurrence of an event of default described in any agreement securing this Note, Lender may declare the entire balance of principal and accrued interest to be payable immediately, without notice or demand. All payments shall be applied in such manner as Lender determines to interest, principal and payments due under this Note or any agreement securing this Note. Unless a lien is prohibited by law or would render a nontaxable account taxable, I grant to Lender a security interest and lien in any deposit account I may at any time have with Lender. Lender may at any time after occurrence of an event of default, without notice or demand, set-off any amount unpaid on this Note against any deposit balances I may at any time have with Lender, or other money now or hereafter owed me by Lender. This Note is also secured by all existing and future security agreements covering personal property (other than a dwelling, unless disclosed on the reverse side) between Lender and any of us, between Lender and any guarantor or endorser of this Note, and between Lender and any other person providing collateral security for my obligations.

Presentment, protest, demand and notice of dishonor are waived. Without affecting any liability or the liability of any endorser, surety or guarantor, Lender may, without notice, grant renewals or extensions, accept partial payments, release or impair any collateral security for the payment of this Note or agree not to sue any party liable on it. I agree to pay all costs of collection before and after judgment, including, to the extent not prohibited by law, reasonable attorneys' fees.

I acknowledge that Lender has not made any representations or warranties with respect to, and that Lender does not assume any responsibility to me for, the collectability or enforceability of this Note or the financial condition of any of us. Each of us independently determined our creditworthiness and the enforceability of this Note.

This Note is intended by Lender and me as a final expression of this Note and as a complete and exclusive statement of its terms, there being no conditions to the enforceability of this Note. This Note may not be supplemented or modified except in writing. This Note benefits Lender, its successors and assigns, and binds me and my heirs, personal representatives and assigns.

260 AIRPORT PLAZA
FARMINGDALE, NY 11735-3946



1

# EXHIBIT E

March 10, 2011

SUNRISE CREDIT SERVICES, INC.                        Randy Fortunato

260 Airport Plaza                                            2166 Sunset Vista Avenue

Farmingdale, N. Y. 11735                                Henderson, Nevada   89052

RE: "Your Debt"

Note: " YOU and YOUR" , means  Sunrise Credit Services, all successors and assigns and John doe's 1-
1000

# REFUSED FOR CAUSE: YOUR RECENT COMMUNICATION

# IS DEFICIENT  OF VERIFICATION AND VALIDATION OF THE

# ASSUMED DEBT

Dear Sirs:

This request is not intended nor does it alter or diminish in any way any previous requests or
demands for validation and verification of debt but is intended to and does supplement all
previous requests and or communications filed by or sent by Randy Fortunato associated with the
above referenced  case/ matter  and the alleged account associated therewith.

Enclosed you will find your envelope and it's contents. You have failed to validate and verify THE
ASSUMED DEBT YOU "CLAIM " is owed. Your letter and the "Copy" of the  assumed note is totally
insufficient  and unacceptable.  Again, I reject your offer to contract in regards to your unsubstantiated
unverified assumed debt claim .

As you stated in your correspondence: This is an attempt to collect a debt. Any information obtained
will be used for that purpose. "THIS COMMUNICATION IS FROM A DEBT COLLECTOR." You are a debt
collector by your own admittance, and you are governed under the laws of the FDCPA. So, Govern
yourself accordingly.

By: /s/ *Randy Fortunato*

USPS Certified Mail # 7010 1060 0001 4814 8157

Notarized page CC:File

1

USPS Certified Mail # 7010 1060 0001 4814 8157

Done this ___11+y___ Day of __March__ 2011

**ACKNOWLEDGEMENT OF NOTARY**

**Clark County**
**State of Nevada**
**On the** __11+y__ **day of** __March__ ,2011 **before me,**
__Matthew McGovern__ , a Notary
Name, Title of Officer of Notary Public
Personally appeared __Randy William Fortunato__ and proved to me on the basis of satisfactory evidence of identification to be the living man whose name is subscribed upon these instruments and acknowledged to me that he executed the same in his authorized capacity.

**Witnessed, my hand and official seal.**
_____ SEAL
**My Commission Expires:** __Aug 30, 2011__

NOTARY PUBLIC
STATE OF NEVADA
County of Clark
MATTHEW MCGOVERN
No. 08-5538-1   My Appointment Expires Aug 30, 2011

CC: File

**U.S. Postal Service**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

FARMINGDALE NY 11735

| | | |
|---|---|---|
| Postage | $ | $1.22 |
| Certified Fee | | $2.80 |
| Return Receipt Fee (Endorsement Required) | | $2.30 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | $6.32 |

Postmark Here

7010 1060 0001 4814 8157

Sent To SUNRISE CREDIT SERVICES, INC.
Street, Apt. No.; or PO Box No. 260 AIRPORT PLAZA
City, State, ZIP+4 FARMINGDALE NY 11735

PS Form 3800, August 2006                See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

SUNRISE CREDIT
SERVICES, INC.
260 AIRPORT PLAZA
FARMINGDALE, N.Y.
11735

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Randi Outsen_   ☐ Agent   ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery
_Randi Outsen_

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label)

7010 1060 0001 4814 8157

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

EXHIBIT  F

**USPS Certified Mail # 7010 2780 0003 7089 3164 Return Receipt Requested**

October 24, 2011

**Sunrise Credit Services, Inc.**          Randy Fortunato
**P.O. BOX 9100**                          2166 Sunset Vista Ave.
**Farmingdale, NY 11735-9100**             Henderson, Nevada 89052
                                           702-492-6699
                                           rwfortunato@yahoo.com

### <u>YOU ARE GOING TO BE SUED</u>

Dear Sir or Madam,

I regret to inform you that your Corporation is now the target of a lawsuit due to an endless circle of grief you have caused me. You have violated the Fair Debt Collection Practices Act, The Fair Credit Reporting Act. I have an extensive paper trail along with substantial proof of these violations. There are also state violations as outlined in the UDTPA NRS 649.

**The complaint will be filed in Federal Court, in the District of Las Vegas, Nevada.**

I am willing to settle this matter and save us both the aggravation of fighting this out in Federal

Court. I am willing to withhold filing the lawsuit upon:

1. A check in the amount of, **$5,500**

2. A letter from stating that you will delete this matter from your files and cease all further communications with me regarding this matter.

 If you decline this offer of settlement, I will seek the full amount available in Federal Court and a court order from the judge ordering you pay the judgment amount.

You have until the close of the business day on November 1, 2011 to contact me, **via email only** for settlement.  I look forward to your response. Do not make the mistake of ignoring this communication. The ball is in your court.

If I do not hear from you regarding this serious matter, this notice will be added to the Federal Complaint as an exhibit.

**Do not call me**, phone calls are strictly prohibited, and you do not have my permission to do so.

Sincerely, <u>(s) *Randy Fortunato*</u>

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _____   ☐ Agent   ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery

UMARM   10/28/11

D. Is delivery address different from item 1?   ☑ Yes
If YES, enter delivery address below:   ☐ No

1. Article Addressed to:

SUNRISE CREDIT SERVICES INC
P.O. BOX 9100
FARMINGDALE, NY
11735-9100

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7010 2780 0003 7089 3164

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

---

**U.S. Postal Service™**
**CERTIFIED MAIL™  RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

| FARMINGDALE NY 11735 | | |
|---|---|---|
| Postage | $0.44 | 0249 |
| Certified Fee | $2.85 | 10 |
| Return Receipt Fee (Endorsement Required) | $2.30 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ $5.59 | 10/25/2011 |

7010 2780 0003 7089 3164

SUNRISE CREDIT SERVICES INC
P.O. BOX 9100
FARMINGDALE NY 11735

PS Form 3800, August 2006     See Reverse for Instructions

# EXHIBIT  G

BRAchFeld

ORiginal

Oaks, PA 19456



March 11, 2011

Current Creditor : M&I BANK
Originator : M&I BANK
Reference # : 000878565
Originator Account # : 4215876
Total Amount Due: $82,324.39
Amount Enclosed: _____

86331-3338

RANDY FORTUNATO
2166 SUNSET VISTA AVE
HENDERSON, NV 89052-2379

Brachfeld Law Group, P.C.
P.O. BOX 421088
HOUSTON, TX  77242-1088

----------------------------------- PLEASE RETURN TOP PORTION WITH PAYMENT -----------------------------------

Total Due: $82,324.39

Dear Sir/Madam,

With tax season here what better time to contact us regarding fantastic settlement opportunities. Our client has authorized us to extend to you great settlement offers on the above account.

At this time our client is willing to reduce your balance by 50.00% for a total amount due of $41,162.20.   Your payment must be received on or before 3/28/2011.

If you take advantage of the above settlement offer to avoid future collection contacts on your account, upon receipt of the full settlement funds, honored by our bank, we will consider this account resolved.  In the event this settlement offer is not accepted, our client reserves the right to offer a different settlement proposal at a later date, as well as to continue collection activity for the balance in full, plus accrued interest.

As of the date of this letter, you owe the total amount due listed above.  Because of interest, late charges, and other charges that may vary from day to day, the total amount due on the day you pay may be greater.  Hence, if you do not accept this offer, and choose to pay at a later date, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection.

Please remember the payment must be received in our office by 3/28/2011. For further information call our office toll free at 866-598-9375, between 8 AM to 9 PM, CST and speak with one of our many personable agents waiting to assist you with your settlement offer, or Send your payments to: Brachfeld Law Group, P.C., P.O. Box 421088 Houston, Texas 77242-1088.

Although we are a law firm lawyers may also be debt collectors, and we are operating only as a debt collector and not in any legal capacity at this time. At this time, no attorney with this firm has personally reviewed the particular circumstances of your account. Attorneys in this firm are licensed in California, Ohio and Texas and we currently litigate only in California and do not sue in any other state. Moreover, because we are not acting in any legal capacity at this time this letter should not be construed as a threat of suit by our client, as no such decision has been made by our client.

**THIS IS AN ATTEMPT TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.
THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**



**SEE REVERSE SIDE FOR IMPORTANT INFORMATION**                              IBS01-86331-3338

# NOTICE OF IMPORTANT CONSUMER RIGHTS

WE ARE REQUIRED TO PROVIDE THE FOLLOWING INFORMATION UNDER STATE LAW FOR THE STATES INDICATED. THIS IS NOT A COMPLETE LIST OF YOUR RIGHTS BY STATE. IF YOU DO NOT RESIDE IN ONE OF THESE STATES, YOU MAY STILL HAVE THE SAME OR SIMILAR RIGHTS UNDER FEDERAL OR STATE LAW.

CALIFORNIA: THE STATE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT AND THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT REQUIRE THAT, EXCEPT UNDER UNUSUAL CIRCUMSTANCES, COLLECTORS MAY NOT CONTACT YOU BEFORE 8 A.M. OR AFTER 9 P.M. THEY MAY NOT HARASS YOU BY USING THREATS OF VIOLENCE OR ARREST OR BY USING OBSCENE LANGUAGE. COLLECTORS MAY NOT USE FALSE OR MISLEADING STATEMENTS OR CALL YOU AT WORK IF THEY KNOW OR HAVE REASON TO KNOW THAT YOU MAY NOT RECEIVE PERSONAL PHONE CALLS AT WORK. FOR THE MOST PART, COLLECTORS MAY NOT TELL ANOTHER PERSON, OTHER THAN YOUR ATTORNEY OR SPOUSE, ABOUT YOUR DEBT. COLLECTORS MAY CONTACT ANOTHER PERSON TO CONFIRM YOUR LOCATION OR ENFORCE A JUDGMENT. FOR MORE INFORMATION ABOUT DEBT COLLECTION ACTIVITIES, YOU MAY CONTACT THE FEDERAL TRADE COMMISSION AT 1-877-FTC-HELP OR WWW.FTC.GOV. AS REQUIRED BY LAW, YOU ARE HEREBY NOTIFIED THAT A NEGATIVE CREDIT REPORT REFLECTING ON YOUR CREDIT RECORD MAY BE SUBMITTED TO A CREDIT REPORTING AGENCY IF YOU FAIL TO FULFILL YOUR CREDIT OBLIGATIONS.

NON PROFIT CREDIT COUNSELING SERVICES MAY BE AVAILABLE IN YOUR AREA.

COLORADO: A CONSUMER HAS THE RIGHT TO REQUEST IN WRITING THAT A DEBT COLLECTOR OR COLLECTION AGENCY CEASE FURTHER COMMUNICATION WITH THE CONSUMER. A WRITTEN REQUEST TO CEASE COMMUNICATION WILL NOT PROHIBIT THE DEBT COLLECTOR OR COLLECTION AGENCY FROM TAKING ANY OTHER ACTION AUTHORIZED BY LAW TO COLLECT THE DEBT. FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.AGO.STATE.CO.US/CADC/CADCMAIN.CTM.

GEORGIA: THIS IS AN ATTEMPT TO COLLECT A CLAIM AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

MASSACHUSETTS: YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT, ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POST MARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE COLLECTOR. YOU MAY CONTACT US BY TELEPHONE AT (888) 856-2120 BETWEEN 8:00 A.M. AND 5:00 P.M. PACIFIC TIME MONDAY-FRIDAY OR IN WRITING AT 880 APOLLO ST., SUITE 155, EL SEGUNDO, CA 90245.



EXHIBIT  H

USPS  CERTIFIED MAIL TRACKING No  7009 1410 0000 4882 5832

MARCH 19, 2011

BRACHFELD LAW GROUP, P.C.
P. O. Box 421088
Houston, Texas  77242-1088

Randy Fortunato
2166 Sunset Vista Avenue
Henderson, Nevada  89052

Attn: Unknown—Unsigned Correspondence Received
RE: Your Client, M&I Bank
RE: Your Reference #: 000878565
RE: Your Account #4215876
RE: Your Debt, Amount Due $82,324.39

A collection letter was received from your office. Who are you?
No contract exists between Randy Fortunato and Brachfeld Law Group, P.C.

therefore, your offer to contract is denied. You are the second debt collector to attempt to collect this assumed debt. Further

And since you so openly admitted you are a DEBT COLLECTOR attempting to collect a debt please read the following important paragraph.
Experience has proven that 99.9% of collection procedures are fraudulent when the debt collection agency does not respond to validation and verification of the purported debt. Then they sell the "evidence" of the assumed debt to other debt collectors for pennies on the dollar. And, it is my belief that Brachfeld Law Group, P. C. extinguished the alleged debt upon purchase and any attempt to collect or sell the debt is an act of fraud.

Therefore, your attention to this notice is important for liability purposes should there be a trial to contest these matters or should you attempt to defraud me or violate my rights.

NOTICE TO AGENT IS NOTICE TO PRINCIPAL
NOTICE TO PRINCIPAL IS NOTICE TO AGENT

You are hereby in receipt of notice under the authority of the Fair Debt Collections Practices Act regarding your above referenced account numbers that part, or all, of the alleged debt is DISPUTED and hereby demand validation and verification, in writing, as follows:

1) A copy of the ORIGINAL signed contract, original application including the CUSIP number and other supporting documentation that gave rise to the alleged obligation Brachfeld Law Group, P.C.. is claiming owed.
2) Statement, under penalty of perjury:
a.) that your client is the bona fide party in interest of the contract and will produce said ORIGINAL signed contract (#1 above) for my own and a judge's inspection should there be a trial to contest these matters.
b.) the name and address of all persons, corporations, associations, legal firms or any other parties and entities having an interest in the collection or legal proceedings regarding the alleged debt.
c.) that as a debt collector you have not purchased evidence of debt and are proceeding

1

USPS  CERTIFIED MAIL TRACKING No  7009 1410 0000 4882 5832

with this collection activity solely in the name of the original contracting party.

d.) that you know and understand that certain clauses in a contract of adhesion are unenforceable unless the party to whom the contract is extended could have selectively rejected the clause.

e.) and provide written verification from the stated creditor that you are authorized to act on their behalf in this debt collection action.

f.) That Brachfeld Law Group, P.C. has taken reasonable and prudent diligence to verify that the amount claimed owed is in fact a legitimate debt prior to instigating this action and making said claims, and that all relevant correspondence has been reviewed prior to initiating this claim.

g.) are you affiliated in any capacity to Sunrise Credit Service? If so, please explain and supply any supporting documentation.

3) Production of the account and general ledger statement showing the full accounting of the alleged obligation you are attempting to collect from me, signed and sworn by the person responsible for maintaining these records and having firsthand knowledge as to their accuracy and authenticity, and able to testify under oath to that effect.

4) PROVIDE THE FOLLOWING:  1. The loan sale document
                                              2. the transmittal documents
                                              3. the Bill of Sale
                                              4. the guarantee, and Proof Of Delivery
                                              5. all assignments

Contacting me again after receipt of this notice without providing procedurally proper validation of the alleged debt constitutes a scheme of fraud by advancing a writing that you know or should know is false, with the intention that the courts and/or others rely on the written communication to impair or damage my credit rating, my reputation, my standing in the community as well as intentionally inflicting financial and emotional harm upon me. I take this notice, and my rights, very seriously and expect Brachfeld Law Group,P.C. to do the same.

**Please take notice that this is a criminal investigation of the business practices of the above named organization or other governmental unit, it's agents, officers, employees and attorney to determine violations of the United States criminal laws.** Your enclosed claim of collection of a purported debt appears to be founded upon a false record in violation of U.S.C. Title 18 § 2071 and 2073 (falsifying records) and further; uttering and possessing false obligations and counterfeit securities based upon the falsified records in violation of U.S.C. Title 18 § 471, 472, 473 and/or 513, and further: using corrupt business practices to make and possess false records and claim of obligation, not substantiated by truthful facts in violation of the Federal Racketeer Influences and Corrupt Organization (RICO), U.S.C. Title 18 § 1961 et. seq. and further: using the U.S. Mail to present such fraud and false instruments amounting to Mail Fraud, criminal conduct falling under Title 18 U.S.C. § 1341 – Frauds and Swindles laws, and further sending mail with false and fictitious names, a criminal conduct falling under Title 18 U.S.C. § 1842 – Fictitious Names.

2

USPS  CERTIFIED MAIL TRACKING No  7009 1410 0000 4882 5832

### TAKE NOTICE

Debt Collector's failure in providing Respondent with the requisite verification, validating the above referenced alleged debt within the requirements of law as codified in the Fair Debt Collection Practices Act, Fair Credit Reporting Act and the corresponding laws of each state, signifies that Debt Collector tacitly agrees that:

> Debt Collector has no lawful, bona fide, verified claim, re the above-referenced alleged account, as it is my belief that your company extinguished the alleged debt upon purchase and any attempt to collect or sell the debt is an act of fraud. Debt Collector waives any and all claims against Respondent and

Debt Collector tacitly agrees that Debt Collector will compensate Respondent for all costs, fees and expenses incurred in defending against this and any and all continued collection attempts, in regards to the above-referenced alleged account.

Failure of Debt Collector to properly and legally verify/validate alleged debt as required in this notice is a self executing irrevocable power of attorney authorizing Respondent/Alleged Debtor named herein to direct the permanent removal, on behalf of the alleged Creditor, of any and all references to said account in any and all credit reporting agency files of any type.

I expect a response within 21 business days of receipt of NOTICE.

This response will constitute my effort to resolve this on-going debt claim between the parties involved.  Until full disclosure is achieved, there can be no case, collection or action.  "No civil or criminal cause of action can arise lest, out of fraud, there be a valid, honest contract."  See *Eads v. Marks* 249 P. 2d 257, 260.             By: /s/ *Randy Fortunato*

Done this ___*19 TH*___ Day of ___*MARCH*___,2011

Original Title Document,

Notarized signature page 4   CC: File

3

USPS  CERTIFIED MAIL TRACKING No  7009 1410 0000 4882 5832

I declare under penalties of perjury in accordance with the laws of the United States of America  Title 28 U.S.C. §1746(1) the forgoing is true and correct and is admitted when not rebutted, so help me.

By: _____

State of Nevada
County of Clark

On the _21 st_ day of __March_____, 2011 *Randy William Fortunato* personally appeared before me, a Notary in Clark County, Nevada.

_____ Notary          Seal:

Commission expires, __Aug 30 2011_____

NOTARY PUBLIC
STATE OF NEVADA
County of Clark
MATTHEW MCGOVERN
No. 08-5538-1   My Appointment Expires Aug 30, 2011

4

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
or on the front if space permits.

1. Article Addressed to:

BRACHFELD LAW GROUP PC
P.O. BOX 421088
HOUSTON, TX
      77242-1088

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee

B. Received by (Printed Name)        C. Date of Delivery
005071?

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☐ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)    7009 1410 0000 4882 5832

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

---

**U.S. Postal Service**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

HOUSTON TX 77242

| | | |
|---|---|---|
| Postage | $ $0.44 | 0249 |
| Certified Fee | $2.80 | 05 |
| Return Receipt Fee (Endorsement Required) | $2.30 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ $5.54 | 03/21/2011 |

Sent To
THE BRACHFELD LAW GROUP, PC
Street, Apt. No.;
or PO Box No. BOX 421088
City, State, ZIP+4
HOUSTON TX 77242-1088

PS Form 3800, August 2006        See Reverse for Instructions

7009 1410 0000 4882 5832

EXHIBIT I

**USPS Certified Mail # 7010 2780 0003 7089 3188 Return Receipt Requested**

October 24, 2011

**BRACHFELD LAW GROUP, P.C.**
**P.O. BOX 421088**
**Houston, TX 77242-1088**

Randy Fortunato
2166 Sunset Vista Ave.
Henderson, Nevada 89052
702-492-6699
rwfortunato@yahoo.com

## YOU ARE GOING TO BE SUED

Dear Sir or Madam,

I regret to inform you that your Corporation is now the target of a lawsuit due to an endless circle of grief you have caused me. You have violated the Fair Debt Collection Practices Act, The Fair Credit Reporting Act. I have an extensive paper trail along with substantial proof of these violations. There are also state violations as outlined in the UDTPA NRS 649.

**The complaint will be filed in Federal Court, in the District of Las Vegas, Nevada.**

I am willing to settle this matter and save us both the aggravation of fighting this out in Federal

Court. I am willing to withhold filing the lawsuit upon:

1. A check in the amount of, **$4,500**

2. A letter from stating that you will delete this matter from your files and cease all further communications with me regarding this matter.

If you decline this offer of settlement, I will seek the full amount available in Federal Court and a court order from the judge ordering you pay the judgment amount.

You have until the close of the business day on November 1, 2011 to contact me, **via email only** for settlement. I look forward to your response. Do not make the mistake of ignoring this communication. The ball is in your court.

If I do not hear from you regarding this serious matter, this notice will be added to the Federal Complaint as an exhibit.

**Do not call me**, phone calls are strictly prohibited, and you do not have my permission to do so.

Sincerely, (s) *Randy Fortunato*



U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

HOUSTON TX 77242-1088

| | | |
|---|---|---|
| Postage | $ | $0.44 |
| Certified Fee | | $2.85 |
| Return Receipt Fee (Endorsement Required) | | $2.30 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | $5.59 |

10/25/2011

7010 2780 0003 7089 3188

*Brachfeld Law Group, P.C.*
*P.O. Box  421088*
*Houston TX 77242-1088*

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

BRACHFIELD
LAW GROUP, P.C.
P.O. BOX 4210088
HOUSTON, TX
77842-1088

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent
                    ☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☑ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)

7010 2780 0003 7089 3188

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

# EXHIBIT  J

**DECA Financial Services, LLC**
**(877) 360-3446**

DEPARTMENT 388    3828179711082
PO BOX 4115
CONCORD CA  94524

||||||||||||||||||||||||||||||||||||||||||||

RETURN SERVICE REQUESTED

||||||||||||||||||||||||||||||||||||||||

RANDY FORTUNATO
2166 SUNSET VISTA AVE
HENDERSON NV 89052-2379

August 1, 2011

Creditor:  M&I a Branch of BMO Harris Bank N.A.
Account #:  ACT2902444
Account Balance Due:  $73137.38

☐  Please check if address changed and note on back
Please reference this number on your
check: 2893244

PLEASE SEND PAYMENTS AND CORRESPONDENCE TO:

**DECA Financial Services, LLC**
PO BOX 910
FISHERS, IN  46038-9998

✂  PLEASE DETACH AND RETURN TOP PORTION WITH YOUR PAYMENT  ✂

**THIS NOTICE IS FROM A DEBT COLLECTOR**

Debtor:                              RANDY FORTUNATO
Creditor:                            M&I a Branch of BMO Harris Bank N.A.
Principal on Account:                $58500.00
Interest on Principal:               $14337.38
Fees:                                $300.00
ACCOUNT BALANCE DUE:                 $73137.38

You have defaulted on your debt to the above Creditor.  We are attempting to collect that debt on behalf of the Creditor.

If you contact us, we can make payment arrangements.  If payment arrangements are not made, we may review all options available to us to collect this debt.

**The above demand is subject to your rights to validate the debt as follows:**

**This notice is from a debt collector.**  This is an attempt to collect a debt and any information obtained will be used to collect the debt.  Unless you notify us that you dispute the validity of this debt or any portion thereof, within 30 days after receipt of this letter, we shall assume this debt is valid.  If you notify us, in writing, within the 30 day period, that you dispute this debt, or any portion thereof, we will obtain verification of this debt or judgment, if one exists, and will mail you a copy.  Upon your written request, within the 30 day period, we will provide you with the name and address of the original creditor, if different from the current creditor.

**Phone (877) 360-3446**

Calls to or from this company may be monitored or recorded for quality assurance purposes.

PLEASE SEND PAYMENTS AND CORRESPONDENCE TO:  PO Box 910, Fishers, IN  46038-9998

Any returned check may be collected electronically.  A $15.00 Returned Check Fee will apply.

DECA Financial Services, LLC's payment processor, Online Resources (ORCC), will charge a service fee of $6.00 on all credit card, debit card, and electronic check transactions. You can avoid the service fee by mailing a check or money order to our PO Box above.

PLEASE NOTE:  The above balance reflects one account in our system.  You may have multiple accounts or disbursements.  As of the date of this letter you owe $73137.38. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater.  Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection.  For further information, write the undersigned or call 1-877-360-3446.

PLEASE SEE THE BACK OF THIS LETTER FOR IMPORTANT NOTICES REGARDING YOUR RIGHTS

✂  *** PLEASE DETACH LOWER PORTION AND RETURN WITH PAYMENT IN THE ENCLOSED ENVELOPE ***  ✂

If you wish to pay by VISA or MasterCard, fill in the information below and return in the enclosed envelope.

[VISA]        [MC]        **(CIRCLE ONE)**

CREDIT CARD # _____  EXPIRATION DATE _____

AMOUNT OF PAYMENT $_____  CVV CODE _____  DATE _____

CARDHOLDER NAME _____

CARDHOLDER SIGNATURE _____

August 1, 2011           Account #:  2893244                              OECDEC1-0801-174560371 3176

Please fill out if address has changed.

Address:_____

City, State, Zipcode:_____

This communication is from a debt collection agency. This is an attempt to collect a debt and any information obtained will be used for that purpose. Information regarding this debt may be submitted to a credit reporting agency if you fail to fulfill the terms of your obligation. Our Office Hours are Mon-Thur 8am-10pm, EST and Fri 8am-6pm, EST.

**California Residents:** The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under certain circumstances, collectors may not contact you before 8am or after 9pm. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements to call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www. FTC.gov."

**Colorado Residents:** This is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose. FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COLORADOATTORNEYGENERAL.GOV/CA.

A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt.

13111 E. Briarwood Ave. #340, Centennial, CO 80112. 303-309-3839.

**Maine:** Our Office Hours are Mon-Thur 8am-10pm, EST and Fri 8am-6pm, EST. Our company street address is: 10500 Kincaid Drive, Suite 150; Fishers, IN 46037

**Massachusetts Residents:** Office address: 49 Winter Street, Weymouth, MA 02188 Office Hours: Mon-Thur 8am-10pm, EST and Fri 8am-6pm, EST. **PHONE (877) 360-3446**

PLEASE SEND PAYMENTS AND CORRESPONDENCE TO: PO Box 910, Fishers, IN 46038-9998

The State of Massachusetts requires that we disclose the following for Massachusetts Residents: NOTICE OF IMPORTANT RIGHTS. YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN (10) DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN (7) DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE DEBT COLLECTOR.

**Minnesota Residents:** This collection agency is licensed by the Minnesota Department of Commerce.

**New York City Residents:** NYC Department of Consumer Affairs License # 1356681

**North Carolina Residents:** North Carolina Permit # 103826

**Tennessee Residents:** PLEASE SEND CORRESPONDENCE TO: PO Box 910, Fishers, IN 46038-9998

This collection agency is licensed by the Collection Service Board of The Department of Commerce and Insurance.

Check if above is address correction.

FAVESP1  89052

PRESORTED
FIRST-CLASS MAIL
U.S. POSTAGE PAID
CIS

# EXHIBIT  K

Randy Fortunato
2166  Sunset Vista Ave.
Henderson, Nevada 89052
**702-492-6699**
rfortunato@yahoo.com

DECA Financial Services, LLC
P. O. Box 4115
Concord, CA 94524

August _13_, 2011

Dear Madam of Sir:

CERTIFIED MAIL # 7010 0290 0003 1503 9600   return receipt requested.

I am in receipt of your presentment dated August 1, 2011. Account Balance Due:
$73137.38.

I dispute the debt.  You must therefore obtain verification of the debt and furnish a copy
of the same.  I require validation of the debt, showing all charges, payments, and credits
on the account.

If you have reported any information about this debt to third parties, including credit
reporting services, you are required to furnish the names and address of the entities to
whom you have reported information about this debt within the last 30 days.  You are
also required to inform all such entities that the debt is disputed.  Let me know when you
have done so.

**Do not telephone me**.  Do not contact any other persons about the debt.  You must direct
all communications intended to reach me via **US mail only**. **Do not email me.**

Thank you for attention to these matters.

Respectfully, _Randy Fortunato_

**U.S. Postal Service**
**CERTIFIED MAIL... RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | $0.44 |
| Certified Fee | | $2.85 |
| Return Receipt Fee (Endorsement Required) | | $2.30 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | $5.59 |

0249

08/15/2011

Sent To: DECA Financial Services
Street, Apt. No.; or PO Box No. Box 4115
City, State, ZIP+4 Concord, CA 94524

7010 0290 0003 1503 9600

PS Form 3800, August 2006        See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to: DECA FINANCIAL SERVICES, LLC P.O. BOX 4115 CONCARD, CA 94524

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
☑ Agent
☐ Addressee

B. Received by ( Printed Name )
C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.
4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label)   7010 0290 0003 1503 9600

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

# EXHIBIT  L

**USPS Certified Mail # 7010 2780 0003 7089 3171 Return Receipt Requested**

October 24, 2011

**DECA FINANCIAL SERVICES, LLC**　　　　Randy Fortunato
**P.O. BOX 4115**　　　　　　　　　　　　2166 Sunset Vista Ave.
**Concord, CA 94524**　　　　　　　　　　Henderson, Nevada 89052
　　　　　　　　　　　　　　　　　　　702-492-6699
　　　　　　　　　　　　　　　　　　　rwfortunato@yahoo.com


## <u>YOU ARE GOING TO BE SUED</u>

Dear Sir or Madam,

I regret to inform you that your Corporation is now the target of a lawsuit due to an endless circle of grief you have caused me. You have violated the Fair Debt Collection Practices Act, The Fair Credit Reporting Act. I have an extensive paper trail along with substantial proof of these violations. There are also state violations as outlined in the UDTPA NRS 649.

**The complaint will be filed in Federal Court, in the District of Las Vegas, Nevada.**

I am willing to settle this matter and save us both the aggravation of fighting this out in Federal

Court. I am willing to withhold filing the lawsuit upon:

1. A check in the amount of, **$4,000**

2. A letter from stating that you will delete this matter from your files and cease all further communications with me regarding this matter.

 If you decline this offer of settlement, I will seek the full amount available in Federal Court and a court order from the judge ordering you pay the judgment amount.

You have until the close of the business day on November 1, 2011 to contact me, **<u>via email only</u>** for settlement.  I look forward to your response. Do not make the mistake of ignoring this communication. The ball is in your court.

If I do not hear from you regarding this serious matter, this notice will be added to the Federal Complaint as an exhibit.

**Do not call me**, phone calls are strictly prohibited, and you do not have my permission to do so.

Sincerely, (s) *Randy Fortunato*

**SENDER:** *COMPLETE THIS SECTION*

- Complete Items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to: DECA FINANCIAL SERVICES LLC P.O. BOX 4115 CONCORD, CA 94524

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X _____  ☒ Agent  ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery 10-27-11

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☒ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
(Transfer from service label)   7010 2780 0003 7089 3171

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

CONCORD CA 94524

| | | |
|---|---|---|
| Postage | $ $0.44 | 0249 |
| Certified Fee | $2.85 | 10 |
| Return Receipt Fee (Endorsement Required) | $2.30 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ $5.59 | 10/25/2011 |

DECA FIN. SERVICES LLC P.O. BOX 4115 CONCORD CA 94524

7010 2780 0003 7089 3171

PS Form 3800, August 2006   See Reverse for Instructions